[No. 18282.  Department Two.  January 24, 1924.]

R. H. LEE *et al., Appellants,* v. NORTHWEST TRUST & SAVINGS BANK, *Respondent,* DORA C. YOUNG *et al., Defendants and Appellants.*[1]

WITNESSES (35) — COMPETENCY — TRANSACTIONS WITH PERSON SINCE DECEASED. In an executor's action to foreclose a trust deed and mortgage, the incompetence of a witness under Rem. Comp. Stat., § 1211, to testify as to a transaction with the deceased, is not affected by his disclaimer of any interest, where he was one of the makers of the note and was made a party by cross-complaint, and is one of the appellants from the judgment entered.

APPEAL (457)—REVIEW—HARMLESS ERROR—EXCLUSION OF EVIDENCE. Prejudicial error cannot be assigned upon the exclusion of evidence that would not have changed the result.

APPEAL (272)—RECORD—STATEMENT OF FACTS—AFFIDAVITS. Affidavits on a motion for a new trial must be brought up by bill of exceptions or statement of facts.

Appeal from a judgment of the superior court for King county, Tallman, J., entered April 14, 1922, in favor of the defendant, in an action for equitable relief, tried to the court.  Affirmed.

*John T. Casey,* for appellants.

*John F. Reed,* for respondent.

MAIN, C. J.—This action was brought seeking to require the defendant Northwest Trust & Savings Bank to satisfy a certain real estate mortgage and to reconvey certain lots covered by a trust deed, because it is claimed that the note secured by the mortgage and the debt for which the trust deed was given had been paid. In the complaint the Northwest Trust & Savings Bank, as the executor of the last will and testament of Irving T. Cole, deceased, was the only party named as defendant. The answer denied that the

[1]Reported in 222 Pac. 489.

note had been paid and also denied that the indebtedness secured by the trust deed had been paid, and by way of cross-complaint sought a judgment foreclosing both the mortgage and the trust deed. By the cross-complaint, the signers of the note, mortgage and trust deed were all made additional parties defendant and by order of the court brought into the action. The cause was tried to the court without a jury, and resulted in a judgment in favor of the defendant and cross-complainant in the sum of $1,040.67, with attorney's fee and costs, and directed that the mortgage and the trust deed be foreclosed. From this judgment the plaintiff and the additional defendants made parties by the cross-complaint, and who signed the obligations upon which the judgment was based, appeal.

The principal question is whether the indebtedness had been paid, and this is a question of fact. The trial court found that it had not been paid and entered a judgment accordingly. The evidence on the part of the appellants, by which they sought to establish payment, was the testimony of D. H. Lee and certain documentary evidence. When Lee was offered as a witness his testimony was objected to because he was a party in interest and to the record. When this objection was made, the attorney for D. H. Lee disclaimed all interest in the case so far as he was concerned and stated that Lee was testifying for the other parties, not for himself. This witness was one of the parties signing the note, the mortgage and the trust deed. He was brought into the action with the other additional defendants by the cross-complaint. He is now one of the appellants from the judgment entered by the superior court. He was a party in interest and to the record, and under § 1211, Rem. Comp. Stat. [P. C. § 7722], was not a competent witness. His dec-

laration of disclaimer of interest cannot have the effect of avoiding the provisions of the statute. The case of *Showalter v. Spangle,* 93 Wash. 326, 160 Pac. 1042, is relied on as supporting the admissibility of this testimony. In that case a husband and wife were claiming distinct properties through separate deeds of gift, as separate property, and it was held that each of them was entitled to testify on behalf of the other as to the transactions had with a deceased person. There the interest of the parties defendant was entirely separate and distinct. The rule of that case is not applicable to the facts in the present case because the interest of D. H. Lee was not separate and distinct from that of the other parties who had signed the instruments upon which the cross-complaint was based. Without this testimony it could not be held that the documentary evidence was sufficient upon which to base a finding of payment. The trial court, apparently regarding the oral testimony of Lee and also the documentary evidence, was of the view that payment had not been established, and we would be inclined to the same view of the record, assuming that the testimony of Lee could be considered.

It is said that the trial court committed error in not admitting in evidence an unsigned document, but if this should be considered it would not change the result. The motion for new trial was properly overruled. There is nothing in the motion which could be considered which would call for any other judgment than that which was entered. In addition to this the affidavit in support of the motion for new trial does not appear in the statement of facts but only in the clerk's transcript. It has been repeatedly held that affidavits of this character, to be considered by us, must be brought here by bill of exceptions or statement of facts properly certified by the trial court.

It would serve no useful purpose to enter upon a detailed discussion of the evidence. We are of the opinion that the conclusion of the trial court is sustained by the record.

The judgment will be affirmed.

BRIDGES, FULLERTON, MITCHELL, and PEMBERTON, JJ., concur.