[No. 21198.   Department One.   June 13, 1928.]

THE STATE OF WASHINGTON, *Respondent*, V. ERNEST
NEWELL, *Appellant*.[1]

[1] RAPE (29)—EVIDENCE—SUFFICIENCY—UNDER AGE OF CONSENT. A
conviction of statutory rape is sustained by the clear and posi-
tive testimony of the victim, ten years of age, supported by
corroborating circumstances.

[2] RAPE (25, 35)—COMPLAINTS—INSTRUCTIONS. In a prosecution
for the rape of a child ten years of· age, it is not error to refuse
to give an instruction on the subject of complaints and outcry,
where the child was seduced, enticed, and led by one who had
overcome or prevented any sense of fear.

[3] CRIMINAL LAW (215)—TRIAL—REMARKS OF JUDGE. Prejudicial
error cannot be assigned upon a remark of the court to the
effect that no more accumulative evidence would be heard on
the subject of an alibi, where it was the result of agreement
with counsel, not objected or excepted to at the time.

[4] CRIMINAL LAW (407)—RECORD—AFFIDAVITS. Affidavits on a mo-
tion for a new trial cannot be considered on appeal unless
brought up by bill of exceptions or a statement of facts.

Appeal from a judgment of the superior court for
Lewis county, McKinney, J., entered November 25,
1927, upon a trial and conviction of rape.   Affirmed.

*Rice & Stinson,* for appellant.

*William H. Grimm,* and *Russell L. Ponder,* for re-
spondent.

MITCHELL, J.—Ernest Newell was prosecuted on an
information charging him with the crime of carnally
knowing and abusing a female child of the age of ten
years, and was found guilty by a jury.   His motion for
a new trial was denied, and he has appealed from a
judgment on the verdict.

[1]   First, it is claimed the evidence was insufficient
to justify the verdict.   We refrain from setting out in

[1]Reported in 268 Pac. 130.

detail the revolting evidence that fully justified the conviction. The clear and positive testimony of the girl, together with corroborating circumstances, were entirely sufficient for that purpose.

[2] By a course of conduct on the part of the appellant, from the girl's earliest recollection, he had, by wiles and taking undue liberties with her person at his home where she spent much of her time, more or less disrupted both her sense of shame and fear of him, and it seems that after his act of carnal knowledge of her she made no complaint immediately nor within a fairly reasonable time to her mother or anyone else. The first information she gave was some months afterwards and just before his arrest, of which delay the court instructed the jury, in effect, that it was a matter to be considered in determining the guilt or innocence of the appellant. But appellant requested the court to give an instruction as follows:

"You are instructed that in considering the testimony of the prosecuting witness, the fact whether the evidence discloses whether or not there was any injury to her person or to her clothing, and the fact whether she made complaint as soon as practicable and without unreasonable delay, is to be considered. You have a right to consider in weighing her testimony, that it is natural that when a crime of this nature has been committed upon a female under the age of eighteen years, that she will make immediate complaint to her mother if the opportunity offers, or to some other confidential friend to whom she can make it. You have a right to consider, and it is your duty to consider in weighing this testimony, the surrounding circumstances, whether or not there were people in the house who could have heard her had she made an outcry, and whether or not she did make an outcry. If the defendant accomplished this assault, he would be guilty irrespective of whether or not the prosecutrix consented, if you find that she was under the age of eighteen years, and these matters which I

have called to your attention are proper circumstances to be considered in weighing the testimony of the prosecutrix as to the manner in which the assault is alleged to have been committed, and as to whether or not it was in fact committed.''

The court refused to give the instruction and error is claimed on account of the refusal. Counsel for appellant rely on *State v. Griffin,* 43 Wash. 591, 86 Pac. 951, in which the instruction requested is a copy of one set out in that case which it was said should have been given in that case. But that rule is not applicable here. That was a case of a fifteen-year-old girl who claimed to have been raped by force and against her will. In such cases it is reasonable to suppose that the person assaulted would immediately thereafter make hue and cry, testimony of which is admissible as tending to credit her testimony on the witness stand of the forcible rape, while the absence of such complaint within a reasonable time would tend to discredit her testimony of that kind of rape. Here, however, the prosecuting witness was nothing but a child. She was not ravished, nor was it contended that she was. She was seduced, enticed, led, or rather cultivated, handled and used by one who had overcome or prevented any sense of fear on her part of him. In the *Griffin* case the court said:

''If this had been a case of voluntary intercourse on the part of the prosecuting witness, it is difficult to understand how the question of complaint of the outrage could enter into the case, as that human instinct which impels the woman to complain of an outrage of this kind when accompanied by force impels her with the same unerring certainty to conceal her shame where the intercourse is voluntary.''

While the instinct referred to naturally would not be as pronounced in the case of a girl of ten years as it would if she were fifteen years of age, yet the quo-

tation is given as showing the difference in the application of the rule between those cases of forcible rape and those brought about by artifice, enticement and consent; that is, the rule contended for by appellant is not applicable in the latter kind of cases.

Another requested instruction singled out the prosecuting witness, with pronounced caution to the jury. In our opinion, it was properly refused upon the authority of *State v. Miller,* 72 Wash. 174, 130 Pac. 356.

[3] The next assignment relates to a statement by the court, in the course of the trial, that counsel for the appellant had gone far enough with the testimony concerning appellant's attendance at church, claimed to be prejudicial comment on the evidence. The appellant was a Seventh Day Adventist and, in partial support of an alibi, introduced evidence showing that on each of several Saturdays, before and after the date of the alleged crime, he had attended church from 9:00 A. M. to 1:00 P. M. There was some testimony in the state's case of his attending church. In the defense, the appellant and four other witnesses testified to his regular attendance at church on Saturdays. In the cross-examination of the last of such witnesses, it appeared that a written church record was kept of the members who attended the services. When the next witness for the defense was on the witness stand he was asked, on direct examination, about appellant's attending church, whereupon the following occurred:

"Q. Now have you got a knowledge right now of whether your brother during the month of August, 1926, stayed around home on Saturday mornings, or did he go to church?

"MR. GRIMM: Just a minute; it has been shown here by defendant's own witness that there is a record, a paper record of that. We submit, Your Honor, that that is the best evidence of his attendance at that time

and we object to any further evidence along that line, and we request that the record be brought in.

"THE COURT: How many more witnesses do you expect to prove this by?

"MR. STINSON: Now I do not want to lead Your Honor into a comment on the evidence.

"THE COURT: It seems to me it is just cumulative all the time.

"MR. STINSON: I know it is cumlative, Your Honor, but that is the way facts are established. Of course, if Your Honor rules that I have gone sufficiently into that, I will withdraw that question.

"THE COURT: I will allow this witness to testify, but I don't think we care to hear any more as to whether the defendant attended church or not."

In this statement or remark, pertaining as it did to a matter within the discretion of the court as to the number of witnesses that may be used, there was nothing more than agreement with counsel that, if the court thought the matter sufficiently covered, it would not be further pursued, although the court did allow the witness to answer the question. Clearly, it appears there was no offense, and that counsel then so understood the matter. No objection or exception was noted, and manifestly no prejudice occasioned in the minds of the jury.

[4] The motion for a new trial was properly denied. Among other things the motion was supported by an affidavit purporting to set out newly discovered evidence. The affidavit does not appear in the statement of facts, but only in the clerk's transcript. It is in no way settled or certified by the trial judge. In the case of *Lee v. Northwest Trust & Savings Bank,* 128 Wash. 214, 222 Pac. 489, we said:

"In addition to this the affidavit in support of the motion for a new trial does not appear in the statement of facts, but only in the clerk's transcript. It has been repeatedly held that affidavits of this char-

acter, to be considered by us, must be brought here by bill of exceptions or statement of facts properly certified by the trial court."

Affirmed.

FULLERTON, C. J., PARKER, TOLMAN, and ASKREN, JJ., concur.