[Civ. No. 11224. Second Appellate District, Division One.—April 19, 1937.]

LENA LAKE et al., Respondents, v. ELLEN CHURCHILL, Appellant.

Francis W. Read for Appellant.

Bernard C. Brennan and Alfred E. Cate for Respondents.

HOUSER, P. J.—From a judgment that was rendered against defendant in an action to recover damages for personal injuries which were alleged to have been caused by the automobile of defendant striking the husband of plaintiff, and which resulted in his death, defendant has appealed to this court.

From a consideration of the evidence that was produced on the trial of the action, as well as from the findings of fact that were made thereon, it appears that, in general, the facts were assumed to be as follows: At a time very shortly preceding the happening of the accident in question, which occurred at about 9:40 o'clock P. M., apparently it was con-

cluded by the trial court that Mr. Lake had left his home, ostensibly for the purpose of visiting a drug store that was situated at an intersection of two streets which was located about three or four blocks from where he resided. However, as far as is disclosed by the evidence, no one saw him in that vicinity until after the accident had occurred, when his lifeless body was found lying in the street at a point located about sixty feet, and at a right angle, from the nearest property or sidewalk line of the intersection. Within "about forty seconds, preceding that time, a boy fifteen years of age, who was employed in a drug store which fronted on one of the intersecting streets, heard a "thump", and on investigation of the cause thereof, discovered the prostrate body of Mr. Lake, and immediately started in search of a police officer. At the time when the boy emerged from the drug store, no automobile that was in motion was within his vision, but when he returned to the scene after he had left it as aforesaid, which was within from three to seven minutes after he had discovered the body of Mr. Lake, defendant was approaching, or was in the very near vicinity of, the place where the body lay. She was in the street, either very close to the body, or walking near the sides of automobiles that were parked alongside the curb. Thereafter, she made various statements from which it might have been inferred that she knew that her automobile had struck Mr. Lake. It had been parked at a distance of 165 feet from the sidewalk line of the intersection; and thereafter was impounded by the police officers. On close examination, certain marks and conditions appeared thereon, from which it also might have been inferred that it had suffered a recent collision of some sort. Approximately 22 feet from the point where the body of Mr. Lake lay, and on the nearest line therefrom to a point in the nearest line of the pedestrian lane of the intersection, Mr. Lake's spectacles were found; likewise a "nickel" in very close proximity thereto.

Defendant's testimony was to the effect that at about 9:40 o'clock P. M. she arrived in her automobile, which was being operated by her, at the intersection of the two streets. The headlights of her automobile were "completely on". On reaching the intersection, she made the boulevard stop and observed that no one was within the crosswalk. She paused long enough to observe the crosswalk and all the corners of the intersection and to ascertain that no one was "within

the crossing". She then started her automobile, and prior to any impact, traveled at about fifteen to twenty miles per hour. She observed the street ahead of her, keeping her eyes on the road. When she was "in front of the fruit stand" she heard what she described as a "crunching noise". There was no jar at the time she heard the noise. It sounded as though she had "sloughed a piece of wood under the car". She then brought her automobile to an easy stop, without skidding, about 100 feet from where she had heard the noise, and stopped in what she described as the second lane of traffic. On stopping the automobile and walking back, she saw a man lying in the street. Thereafter, she made a statement to a police officer that she thought she had "hit a man". A police officer testified that she told him that the brilliant lights "on the theater" made it hard for her to see, and that she did not know that she had hit anyone until a passing motorist stopped her and told her that she had hit a man. He also testified that after he had taken defendant to her home, she called someone on the telephone and said that she had struck a man.

■ From a consideration of the foregoing, it is concluded that the finding of fact made by the trial court, in effect, that defendant's automobile struck Mr. Lake and caused the injuries from which he died, in regard to which appellant urges that prejudicial error was committed by the trial court, was warranted by the evidence; and consequently, that appellant's objection in that regard cannot be sustained. However, with reference to certain other express findings of fact which were made by the trial court, this court is unable to discover in the evidence, either direct or indirect, testimony that would support them; for example, that, in substance, defendant's automobile struck Mr. Lake within the pedestrian lane of the intersection. Other than the erroneously admitted testimony that was given by Mrs. Lake, to the effect that when Mr. Lake left his home he said that he was going to return to a drug store some merchandise that he had previously purchased thereat,—coupled with the conjecture that the drug store which Mr. Lake had in mind was the one which was located on one of the corners of the intersection,— the evidence is entirely lacking as to how or in what manner Mr. Lake happened to be in the street at all, to say nothing of the possibility that he ever was within the pedestrian lane.

Likewise, viewed from the standpoint of what evidence was before the trial court, just as impossible and equally devoid of substantial support, was the determinative finding of fact, "that at the time and place aforesaid, the said defendant, Ellen Churchill, so carelessly, negligently, recklessly, and unlawfully drove, operated, managed and controlled the said Buick automobile that the same was caused to run into the decedent Orville S. Lake with great force and violence, by reason whereof the decedent was thrown to the street, whereby and because whereof he sustained personal injuries from which he died". In that regard, the only important issue which the finding purported to settle was that of the asserted *negligence* of defendant in striking Mr. Lake with her automobile. But upon what specific act or acts of defendant the finding of negligence was predicated is not discoverable from a careful review of the evidence. The most that may be said to appear is that in some unexplained manner defendant's automobile collided with the person of Mr. Lake. It is true that a witness testified that the brakes on defendant's automobile were in a poor mechanical condition; but nothing appears from which it might have been inferred that that fact had any connection whatsoever with the cause of the accident. As hereinbefore has been narrated, one witness heard a "thump"; and defendant heard a "crunching noise"; but even assuming that such noises were caused by an impact of the automobile with the body of Mr. Lake establishes no evidence of negligence on the part of either of the participants in the accident. It is just as reasonable to conclude that Mr. Lake was negligent, as it is to conclude that defendant was negligent. According to her testimony, which is all the direct evidence that is contained within the record regarding her conduct at the instant when she heard the "crunching noise", her automobile was well lighted and was traveling no faster than fifteen to twenty miles per hour. Immediately before that time she had brought the automobile to a stop at the intersection; had ascertained that no pedestrian was within the pedestrian lane; and thereafter, after having crossed the intersecting street, had traveled a distance of probably less than sixty feet before she heard the "crunching noise". Defendant "watched the street; . . . all the part ahead of me; . . . the way that any motorist drives and looks ahead and keeps his eyes open".

The burden rested upon plaintiff to establish negligence on the part of defendant. The mere fact that the accident occurred is not sufficient. To the contrary, at least some act or omission connected with defendant's operation of the automobile must appear to have occurred, that in the circumstances would not have taken place had the automobile been operated by a person who was exercising ordinary care in the premises. Since such a situation is not disclosed by the record herein, it follows that the finding of negligence of defendant cannot be sustained.

The judgment should be reversed. It is so ordered.

York, J., and Doran, J., concurred.