[Crim. No. 4177.   Second Dist., Div. Two.   Dec. 19, 1947.]

THE PEOPLE, Respondent, v. CHARLES FLORES, Appellant.

Jesse Bach Porter for Appellant.

Fred N. Howser, Attorney General, and Ward Sullivan, Deputy Attorney General, for Respondent.

MOORE, P. J.—Defendant appeals from a conviction by the court without a jury of having caused the death of a human being by his gross negligence in driving a vehicle. (Pen. Code, § 192, subd. 3(a).) On this appeal he contends that the judgment is not supported in that there is no evidence of his having proceeded with excessive speed at the time of the accident.

The witness Morris testified that at about 8 p. m. on March 23, 1947, as he was driving westerly at about 30 miles an hour on East First Street in the city of Los Angeles and while at a distance of about 50 yards east of the intersection of Clarence Street, a coupe proceeding at a speed of 50 or 60 miles per hour cut sharply in front of him. When the coupe entered the intersection of Clarence Street its speed was not diminished. When it arrived at a point between 100 and 200 feet west of the intersection it struck a man on the north side of First Street and about two feet from the cars parked by the north curb. The stricken man was thrown into the air. The coupe continued westward at an accelerated speed, ignoring the stop sign at Mission Road about two blocks west of Clarence.

Driving at about 65 miles per hour the witness pursued the fleeing car for about eight blocks when he and his companion, the witness Minster, read and memorized the license number, 62 A 531, on the coupe and observed that a man was in the driver's seat. They then returned to the scene of the accident where the deceased lay upon the ground and where Morris gave the license number to the officers. The testimony of the witness Minster was a substantial repetition of that of Morris.

The witness Palacios testified that he was with appellant while they visited the latter's sister on Soto Street which is east of Clarence; that as Flores drove west on East First Street near Clarence Street and as they were going along in the dark, the car jarred as though it had "hit a bump"; that he told appellant, "we must have hit somebody back there," but that they did not return to see; that both had drunk about three rounds of whiskey and gin just before the drive; that he remained with appellant in a barroom until 12 o'clock, when appellant was taken away by the police.

■ From the above résumé, it is seen that the implied finding that the coupe was driven "at a speed greater than is reasonable or prudent having due regard for the traffic on, and the surface and width of, the highway," and at a speed which "endangers the safety of persons or property," is supported by the evidence. (Veh. Code, § 510.) Section 511 of the Vehicle Code fixes 15 miles an hour as the maximum speed for motor vehicles when traversing an intersection of a highway where the driver does not have a clear and unobstructed view of such intersection during the last 100 feet of his approach thereto and of its traffic for a distance of 100 feet along such intersecting street, and limits speed to 25 miles per hour in any business or residential district. ■ Judicial knowledge may be taken that East First Street is bounded by structures for residence and business for more than three miles east of Alameda Street where Morris abandoned pursuit of appellant, and is traversed by a double track streetcar line. Appellant's companion observed that the coupe had probably struck a man and testified that they did not stop to render aid.

■ The judgment is not based upon section 480 of the Vehicle Code but upon that subdivision of section 192 of the Penal Code whereby the unlawful killing of a human being without malice is made manslaughter where the accused in driving a vehicle with gross negligence commits "an unlawful act, not amounting to a felony." Speed laws are de-

signed to prevent injury to persons, and when an accused is found to have committed a homicide while violating such laws, he is guilty of involuntary manslaughter. (*People* v. *Mitchell,* 27 Cal.2d 678, 683 [166 P.2d 10].) In such a situation, it is not necessary that his driving should have been wanton or reckless. A finding that he was grossly negligent is sufficient to support the conviction. (*People* v. *Crow,* 48 Cal.App.2d 666, 672 [120 P.2d 686].) And where a driver did not·see his victim until the instant of impact or not at all, he is guilty of gross negligence or of an entire indifference to those who were using the street or highway simultaneously with him. (*People* v. *Leitgeb,* 77 Cal.App.2d 764, 769 [176 P.2d 384].)

The finding of an operator's gross negligence in driving a motorcar, when supported by substantial evidence, is conclusive upon the reviewing court and can be reversed only when that court becomes convinced by the evidence that freedom from gross negligence was so clearly established that reasonable minds could not differ upon the question. (*Ibid.*) There is no fact proved or theory proposed in the record of the instant cause that could reasonably warrant an inference of appellant's freedom from gross negligence. He drove his coupe in the night on a residence and business street at a speed greater than was reasonable and prudent, to wit, in excess of 50 miles an hour. By reason of his having thereby killed a person without malice and while committing such lawless act, he is guilty of involuntary manslaughter under section 192 of the Penal Code. (*People* v. *Barnett,* 77 Cal.App.2d 299, 304 [175 P.2d 237].)

Appellant contends that there was no evidence as to the exact location of his impact with the deceased and that for this reason, the evidence is insufficient to sustain a finding of negligence. The authorities cited (*Lake* v. *Churchill,* 20 Cal.App.2d 411 [67 P.2d 107] and *People* v. *McLachlan,* 36 Cal.App.2d Supp. 754 [93 P.2d 280]) are not in point and are readily distinguishable. One is a civil suit in which the only direct proof was that which established that the defendant exercised due care. In the other, the appellate court determined upon a review of the record, that under the established facts there was no negligence on the part of the accused. They are, therefore, not pertinent.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.