# 𝔚𝔶𝔱𝔥𝔢𝔟𝔦𝔩𝔩𝔢

Roy Massie v. Commonwealth of Virginia.

June 9, 1941.

Record No. 2425.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

*A. N. Kilgore,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Joseph L. Kelly, Jr., Assistant Attorney-General,* for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

The accused, Roy Massie, and his companion, Ted Hall and Della Couch, were driving in Massie's car on a mountain road in Dickenson county between eight and nine o'clock on the night of June 2, 1940. Massie was driving, and the car went off of the road at a sharp curve and turned over. As a result Della Couch was killed. Massie and Hall were indicted for murder. They elected to be tried separately and Massie was tried first. The jury found him guilty of involuntary manslaughter and fixed his punishment at three years in the penitentiary. The court sanctioned the verdict by its judgment.

On Sunday morning, June 2, 1940, Massie and Hall went driving in Massie's car. Hall purchased a pint and one-half of moonshine whiskey. Between three and four o'clock in the afternoon they were trying to purchase more liquor and Massie was looking for Della Couch, to whom he was engaged to be married. They stopped at

the home of one Hileman and inquired for the girl. They all took a drink. It was then four o'clock. Massie and Hall were told by Hileman to quit drinking and go home. He thought they were drinking too much to drive the car. About this time another witness said that Massie "was staggering some, and his face was red." A little later they attempted to buy more liquor at the Blevins home. About this time they found Della Couch and she joined them in the car. They spent the rest of the afternoon driving around in the community. At one time during the afternoon they drove into a fence-post. Several witnesses testified that the boys would change places in the car while it was still running by jumping out from their respective sides and running around the front and rear of the car. This was done several times. Just before the car left the road on the mountain its headlights were seen flashing, as if they were being switched off and on.

After the car had left the road and before they had been removed to the hospital, Hall stated to witnesses that Massie was too drunk to drive and should have permitted him to drive. This statement was admitted by the court over the objection of the accused to contradict Hall's testimony given at the trial to the effect that neither of them was intoxicated at the time.

The doctor who examined and treated all three victims of the wreck at the hospital at Dante a short time after the occurrence testified that both boys had been drinking and that from what he saw at the time both were under the influence of liquor.

Massie and Hall both denied that they were intoxicated but admitted the consumption of one pint and a half of moonshine whiskey. They stated that Massie's last drink was around three o'clock in the afternoon. They explained the accident by saying that "something dropped down" under the left side of the car just as they entered the curve and this caused the car to leave the

road. They also denied all recklessness in the operation of the car in the afternoon.

Della Couch died of her injuries a short time after she was taken to the hospital.

Three questions are presented in the petition. First, does the evidence support the verdict? Second, was it error to grant the instruction offered by the Commonwealth? Third, was Hall's statement, made a short time after the accident, hearsay?

■ ■ The evidence from the standpoint of the Commonwealth justifies the conclusion that Roy Massie, who was driving the car at the time it left the road, was at that time under the influence of alcohol.

"Involuntary manslaughter is the killing of one accidentally, contrary to the intention of the parties, in the prosecution of some unlawful, but not felonious, act; or in the improper performance of a lawful act." See *Digest of Virginia and West Virginia Reports* (Michie), *Homicide*, vol. 5, §45, and the many cases there cited. See also, *Bell* v. *Commonwealth*, 170 Va. 597, 195 S. E. 675.

The evidence of the Commonwealth discloses that the accused was operating the car under the influence of alcohol at the time Della Couch was killed. He was violating the terms of Code, §4722, which thereby rendered his conduct unlawful. The evidence supports the verdict.

■ The instruction complained of was a correct statement of the law and was free from error; however, we cannot consider the objection to the instruction, because it was not made in the trial court.

■ The objection to the admission in evidence of the statement of Hall, made at the scene, is without merit. The record discloses that Hall, when testifying as a witness at the trial, denied that he and Massie were under the influence of alcohol. For the purpose of contradicting Hall the court admitted the testimony of a witness who said that Hall, in answer to the question, "How come the wreck?" replied thus: "I told that damn fool

that he couldn't drive, that he was drunk. He come very near wrecking down there on that curve, and I told him he couldn't drive, and I wanted to drive and he would not let me. I was drunk, but not so drunk, but what I could keep the car in the road." There was no error in the admission of this testimony for the purpose stated by the trial judge.

The judgment is affirmed.

*Affirmed.*