[Crim. No. 3521.   Second Dist., Div. Two.   Dec. 22, 1941.]

THE PEOPLE, Respondent, v. DONALDSON VICKERS CROW, Appellant.

Fred N. Howser for Appellant.

Earl Warren, Attorney-General, and Gilbert F. Nelson, Deputy Attorney-General, for Respondent.

McCOMB, J.—From orders denying defendant's motions for new trials after verdicts of guilty on two counts of manslaughter, defendant appeals.

The case was tried before a jury and defendant was placed upon probation, no judgments of conviction being entered, but an order suspending proceedings pending the term of probation was made by the trial judge. From this order defendant also attempts to appeal.

Viewing the evidence in the light most favorable to the People (respondent), the essential facts are:

About 7 p. m., September 22, 1940, defendant was driving in an easterly direction on Ocean Avenue in Long Beach. At the same time Mr. and Mrs. Vrzal were crossing Ocean Avenue in a marked cross-walk. Defendant struck them with his automobile and as a result of injuries which they received they died.

The information in five counts charged defendant as follows:

Count I: Violation of section 500 of the Vehicle Code (negligent homicide), committed on September 22, 1940, proximately causing the death of John Vrzal.

Count II: Manslaughter, being a different statement of the same offense set forth in Count I.

Count III: Violation of section 500 of the Vehicle Code (negligent homicide), committed on September 22, 1940, proximately causing the death of Anna Vrzal.

Count IV: Manslaughter, being a different statement of the same offense set forth in Count III.

Count V: Violation of section 501 of the Vehicle Code (driving while under the influence of intoxicating liquor).

The jury found defendant (1) guilty as charged in Counts II and IV, (2) not guilty on Counts I and III, and (3) they disagreed as to Count V.

Defendant relies for reversal of the orders denying his motions for new trials on these propositions:

*First: The verdicts are inconsistent, in that the same ele-*

ments required to constitute a violation of section 500 of the Vehicle Code are also required to constitute involuntary manslaughter; and, since the jury found the elements did not exist to constitute a violation of section 500 of the Vehicle Code, it was inconsistent for them to find that the same elements existed to constitute involuntary manslaughter.

*Second:* The evidence is insufficient to sustain the implied finding of the jury that decedents were killed by defendant while he was committing an unlawful act.

*Third:* Defendant has been placed in double jeopardy, in that a finding of not guilty of violating section 500 of the Vehicle Code, which defendant alleges was an identical offense with manslaughter, constituted a finding that defendant was not guilty of manslaughter.

*Fourth:* The trial court committed prejudicial error in overruling objections to certain evidence offered by the People.

*Fifth:* The trial court committed prejudicial error in refusing to strike from the record testimony of the prosecution relative to the sobriety of one of defendant's witnesses.

*Sixth:* The trial court committed prejudicial error in refusing to give at defendant's request the following instructions:

*(a)* "The words 'neglect', 'negligence', 'negligent', and 'negligently' import a want of such attention to the nature or probable consequences of the act or omission as a prudent man ordinarily bestows in acting in his own concerns. Though found in the Penal Code, this definition of 'negligence' is only of an act which fixes civil liability. It is the definition of the kind of an act which fixes responsibility upon, for instance, drivers of automobiles where no criminal arrangement whatever is involved, as applied to manslaughter, and must enter into the act some measure of wantonness or flagrant or reckless disregard of the safety of others or willful indifference. If no one of these arrangements enters into the act, the person charged cannot be held guilty of criminal negligence."

*(b)* "You are instructed that evidence of lack of ordinary care which might support a judgment for negligence in a civil action for damages is not sufficient to sustain a conviction in a criminal trial for manslaughter which charges the defendant with failure to use due caution and circumspection as the gravamen of the offense charged. Failure to use due care accompanied by gross indifference or disregard for the safety

of others is insufficient to sustain a conviction for manslaughter; and if you find from the evidence that the defendant at the time and place in question has not been proved beyond a reasonable doubt to have acted with gross negligence, it is your duty to acquit him of this charge."

(c) "In your deliberations as to Counts II and IV of the information, you are instructed that Section 20 of the Penal Code of the State of California provides as follows:

" 'To Constitute Crime There Must Be Unity of Act and Intent. In every crime or public offense there must exist a union, or joint operation of act and intent, or criminal negligence.'

"In order to constitute criminal negligence, there must enter into the act some measure of wantonness or flagrant or reckless disregard of the safety of others or willful indifference. If no one of these elements enters into the act, the person charged cannot be held guilty of criminal negligence, and it would be your duty to acquit the defendant as to said counts."

■ Defendant's first proposition is untenable. The law is established in California that section 500 of the Vehicle Code (negligent homicide) defines a crime different from involuntary manslaughter, or from any other crime defined in the Penal Code. (*People* v. *Beckhard*, 14 Cal. (2d) 690, 692 [96 Pac. (2d) 794] ; *People* v. *Pociask*, 14 Cal. (2d) 679, 686 [96 Pac. (2d) 788].)

■ Defendant's second proposition is without merit. Defendant testified that he was driving the car which struck decedents. He also admitted having had several drinks of an alcoholic beverage prior to the accident. A police surgeon who examined defendant within an hour after the accident testified that defendant's muscular and nervous system was affected by alcohol to an appreciable degree, and that he was intoxicated at the time of the examination. The foregoing evidence discloses that defendant was violating section 502 of the Vehicle Code (driving while under the influence of intoxicating liquor) at the time he struck decedents. Therefore it is clear that there was substantial evidence to sustain the convictions of manslaughter, since involuntary manslaughter, among other things, consists in the unlawful killing of a human being, without malice, in the commission by the defendant of an unlawful act. (Sec. 192, subsec. 2, Penal Code.)

■ Defendant's third proposition is also untenable. It is the law in California that a finding that defendant is not guilty of negligent homicide (sec. 500, Vehicle Code) does not place him in jeopardy as to a charge of manslaughter growing out of the same facts; and, therefore, a verdict of not guilty of negligent homicide does not amount to an acquittal of the charge of involuntary manslaughter. (See *People* v. *Amick*,\* (Cal. App.) [118 Pac. (2d) 490].)

■ Defendant's fourth proposition is without merit.

(a) The trial court permitted the People to ask defendant over objection, "Had you become intoxicated the night before when you were drinking beer?" Such question was proper. The evidence disclosed that defendant's car, immediately after the commission of the offenses with which he was charged, contained eleven empty beer bottles. Defendant attempted to explain the presence of these bottles, and during such explanation stated that he had helped to consume the contents thereof. It was therefore proper for the prosecution to inquire as to defendant's condition on the preceding evening for the purpose of testing the credibility of his testimony with reference to the disposition of the contents of the bottles.

■ (b) A defense witness, Mrs. Parker, who accompanied defendant at the time of the commission of the offenses charged against him, testified that defendant, prior to the time of the accident and at the time thereof, was "cold sober." On cross-examination, over objection, the prosecution was permitted to show that the witness had on previous occasions made contradictory statements relative to the amount of beer defendant had consumed prior to the accident. Such evidence was properly admitted. The law is established in California that a witness may be impeached by evidence that he has made at another time inconsistent and contradictory statements regarding a material issue, which statements are in conflict with his testimony at the trial (*People* v. *Pollock*, 31 Cal. App. (2d) 747, 757 [89 Pac. (2d) 128]; sec. 2052, Code Civ. Proc.).

■ Defendant's fifth proposition is likewise devoid of merit. Mrs. Parker testified that at the time of the accident she was "cold sober." Upon rebuttal the prosecution was permitted to show, over defendant's objection, that shortly after the accident she was given the "Romberg test" and was

---

\*A hearing was granted by the Supreme Court on December 1, 1941. The opinion of the Supreme Court, adopting the cited opinion, was filed on April 28, 1941. See 20 Cal. (2d) —— [—— P. (2d) ——]

unable to walk a straight line without swaying, that her eyes did not react properly to light, that her speech was thick and that her breath was strong with the aroma of alcohol. Such evidence was properly admissible for the purpose of impeaching the testimony which she had given that at the time of the accident she was "cold sober"; and also for the purpose of showing that, being in an intoxicated condition, she was not able to perceive accurately the incidents which took place prior to and at the time of the accident.

Defendant's final proposition is also without merit. The instructions set forth in this proposition charged that in order for the jury to find defendant guilty of manslaughter it was necessary for the prosecution to prove that the act resulting in decedents' deaths constituted one involving some measure of wantonness, flagrant disregard for the safety of others or willful indifference. Such is not the law. For an act to be without due caution and circumspection, as required for involuntary manslaughter in section 192, subsection 2 of the Penal Code, it is not necessary that such act go to the extent of being wanton or reckless. (*People* v. *Wilson,* 193 Cal. 512, 518 [226 Pac. 5].) The statements in *People* v. *Driggs,* 111 Cal. App. 42, 47 [295 Pac. 51], and in *People* v. *Hurley,* 13 Cal. App. (2d) 208, 214 [56 Pac. (2d) 978], to the contrary have been overruled by our Supreme Court in *People* v. *Paciask, supra,* p. 684. In the same case the Supreme Court reaffirms the rule as set forth in *People* v. *Wilson, supra.*

For the foregoing reasons the orders denying the motions for new trials are affirmed.

An order granting probation and suspending the pronouncement of judgment and sentence is not an appealable order. (*People* v. *Smith,* 36 Cal. App. (2d) 361, 363 [97 Pac. (2d) 867].) Therefore, the purported appeal from such order in the instant case is dismissed.

Moore, P. J., and Wood (W. J.), J., concurred.