[No. 28982. Department Two. April 23, 1943.]

THE STATE OF WASHINGTON, *Respondent,* v. WALLACE L. CARLSTEN, *Appellant.*[1]

[1]Reported in 136 P. (2d) 183.

*Trumbull, Severyns & Trumbull* and *Wm. J. Conniff,* for appellant.

*Max Church* and *D. E. Harper,* for respondent.

BLAKE, J.—Defendant was charged with the crime of negligent homicide under Rem. Rev. Stat., Vol. 7A, § 6360-120 [P. C. § 2696-878], which, so far as pertinent to the facts of the case, reads as follows:

"When the death of any person shall ensue within one year as a proximate result of injury received . . . by the operation of any vehicle in a reckless manner or with disregard for the safety of others, the person so operating such vehicle shall be guilty of negligent homicide by means of a motor vehicle."

From judgment and sentence entered upon a verdict of guilty, defendant appeals.

Appellant assigns numerous errors, which, for the purpose of discussion, may be grouped as follows: (1) error in denying challenges to the sufficiency of the evidence; (2) error in the admission of evidence and exclusion of proffered evidence; (3) error in giving instructions and refusal to give requested instructions; (4) error in denying motions for mistrial; (5) error in permitting the jury to separate; and (6) error in refusal to grant a new trial on the ground of misconduct of a juror

■■ *First.* About 5:45 on the evening of January 22, 1942, Ernest Hutt was driving a light truck, loaded with wood, northeasterly along the highway between Port Angeles and Sequim. The defendant, driving a Buick six-passenger sedannette in the same direction, ran into the rear of the truck. As a result of the collision, Hutt sustained injuries from which he died eight days later.

From the evidence, the jury was warranted in believing the following facts: That Hutt's truck could be seen in the beams of the headlights of a following car for a distance of twelve hundred and fifty feet; that the highway sloped to the east and was straight away for at least that distance west of the point of collision; that defendant was driving greatly in excess of fifty miles an hour; that, after the collision, defendant's car came to a stop on the pavement about one hundred feet from the point of impact; that Hutt's truck came to rest in the ditch on the south side of the highway three hundred and forty-five feet from the point of collision; that Hutt was thrown into the ditch at a point one hundred and fifty feet west of where the truck stopped; that wood was scattered along the highway the whole distance from the point of impact to where the truck came to rest; that the tail light of the truck was lighted at the time of the collision.

It is true that the fact last stated and the fact of excessive speed are dependent largely upon circumstantial evidence. The tail light was knocked off by the impact, and the appellant testified that it was not lighted. But the state adduced evidence that the headlights on the truck were "on" and that there were live wires leading to the tail light. From these facts, we think the jury was justified in drawing the inference that the tail light was "on." In any event, the absence of a tail light would simply tend to establish

contributory negligence, which is not a defense to the offense charged. *State v. Takano,* 94 Wash. 119, 162 Pac. 35.

To establish the fact of appellant's excessive speed, the state produced one Haggerty as a witness. He testified that, as he was driving easterly toward Sequim, appellant overtook and passed him at a point about eight miles west of the point of collision; that appellant was then traveling at a rate of from eighty to ninety miles an hour; and that the witness himself was traveling at a rate slightly under fifty miles an hour and continued at that rate until he reached the point of collision. From the testimony of the defendant and other witnesses as to events which transpired immediately after the collision, the jury was warranted in inferring that four or five minutes elapsed between the time appellant passed Haggerty and the time the latter arrived at the scene of the accident. From this and the other facts and circumstances surrounding the collision, the jury was justified in finding that appellant was driving at an excessive rate of speed, which proximately resulted in the death of Hutt.

In face of the facts we have summarized, it is unnecessary to review the evidence from appellant's viewpoint. We are satisfied that the evidence adduced by the state was not only sufficient to take the case to the jury, but was also sufficient to justify the verdict.

■ *Second.* Appellant assigns error in the admission of evidence as to his rate of speed at a point eight and a half miles from the point of collision. The evidence was competent in the light of the other facts and circumstances surrounding the collision to which we have just adverted. It was for the jury to determine what weight should be attached to it. 8 Blashfield Cyc. of Automobile Law & Practice (Perm. ed.),

p. 209, § 5467. *State v. Birch,* 183 Wash. 670, 49 P. (2d) 921.

■ Appellant called as a witness the manager of the repair shop to which his car was taken. After describing the damage to the car, the witness was asked to state his opinion as to whether the impact causing the damage was heavy or severe. The court sustained an objection to the question. Appellant assigns error on the ruling. The witness was permitted to describe the car in its damaged condition. It was for the jury to determine from the evidence whether the impact was heavy or severe.

■ *Third.* Appellant complains of instruction No. 14, wherein the court charged the jury that, if appellant drove in a careless and imprudent manner, or at a greater speed than was reasonable or proper, having due regard to the traffic and use of the highway by others, they should return a verdict of guilty—provided, of course, that Hutt's death followed as a proximate result. We think the instruction, in substance, conforms to the terms of the statute, Rem. Rev. Stat., Vol. 7A, § 6360-120. Error, therefore, cannot be predicated on it.

Appellant assigns error upon the court's refusal to give his requested instructions No. 5 and No. 27. We think the subject matter of these requests was adequately covered by instructions given by the court—notably instructions No. 7 and No. 18.

■ Appellant assigns error upon the refusal of the court to give a requested instruction to the effect that deceased was operating his automobile unlawfully on the highway if it had not been "inspected by the Washington State Patrol during the year 1941." The request was properly refused. There was no causal connection between the failure to have the vehicle inspected and the collision.

Appellant assigns error upon the refusal of the court to give his requested instruction No. 23. The request was designed to make contributory negligence of the deceased a complete defense. It was properly refused. *State v. Takano, supra.*

Appellant assigns error on the court's refusal to give his requested instruction No. 29. It would have been error to give it since it would have amounted to a comment upon the evidence.

■ *Fourth.* In the course of his examination of a juror on *voir dire,* the prosecutor advised her that the imposition of penalty was solely a matter for the court; that the jury's concern was only with the issue of innocence or guilt. He then asked her if she could confine her consideration of the facts to that issue. Her response was that she did not believe in capital punishment. The prosecutor then explained the nature of the offense charged and the wide range in penalty allowed by the statute, including suspension of sentence. The prosecutor made substantially the same explanation to another juror, whereupon the appellant moved for a mistrial. Under the circumstances—the misapprehension of a juror as to the possibility of capital punishment being inflicted—we do not think the statement of the prosecutor amounted to misconduct.

■ Appellant assigns error on the ground of misconduct of the prosecuting attorney and State Patrol Officer Hurd, who was called as a witness by the state. Officer Hurd investigated the accident at the scene of the collision an hour to an hour and a half after it occurred. During the course of his examination as a witness, the prosecutor asked, "What else if anything did you notice about Mr. Carlsten?" Hurd answered, "Mr. Carlsten was present and talking to

me . . . and I asked him how long it had been since he had a drink as I smelled liquor on his breath." The jury was admonished to disregard the answer. The subject was not referred to again during the trial. The assignment of error is without merit. The motions for mistrial were properly denied.

■ *Fifth.* The case was called for trial June 22, 1942. After the jury had been selected and sworn, appellant and his counsel signed a written consent to the separation of the jury "during this trial and until the conclusion of the arguments in said cause, *at each adjournment of court.*" (Italics ours.) The state called the widow of the deceased to the stand. Appellant objected to her testifying because her name was not endorsed on the information, saying, "If her testimony is anything that we would wish to meet, we would be entitled to a continuance." The court said, "If counsel for defendant desire it I will grant a continuance of this matter until the 14th day of July." The court then excused the jury until that day, with the usual admonition to refrain from discussing the case. No objection was made by appellant or his counsel to the continuance as granted.

On July 14th, the trial was resumed without any question being raised as to the impropriety of the separation of the jury for so long a time. Appellant now contends that his consent to the separation of the jury did not contemplate such a long period of time. We think the bare recital of the facts refutes the contention.

■ *Sixth.* Finally, appellant contends that the court erred in not granting his motion for a new trial on the ground of misconduct of a juror. The assignment will not be considered since the affidavits in support of the motion have not been made a part of the statement of facts. *State v. Wernitsch,* 105 Wash.

224, 177 Pac. 712; *State v. Newell*, 148 Wash. 82, 268 Pac. 130.

Judgment affirmed.

SIMPSON, C. J., BEALS, ROBINSON, and, GRADY, JJ., concur.

June 3, 1943.   Petition for rehearing denied.

[1]Reported in 136 P. (2d) 1013.