[No. 28818.   Department Two.   April 24, 1943.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT C. RAMSER, *Appellant.*[1]

[1]Reported in 136 P. (2d) 1013.

*Edge, Keith & dePender* and *Delbert R. Scoles (Raymond F. Kelley,* of counsel), for appellant.

*F. Leo Grinstead* and *Thomas I. Oakshott,* for respondent.

GRADY, J.—On November 21, 1941, the prosecuting attorney of Stevens county filed an amended information, containing two counts, charging the defendant, Robert C. Ramser, with the crime of manslaughter, the substance of which is that, on September 5, 1941,

the defendant was engaged in moving a building along and over a public highway during the hours of darkness and without being lawfully authorized so to do; that the defendant negligently and unlawfully failed to have any flares, warning lights, or signals preceding the truck towing the building, and negligently failed to have any warning lights or signals displayed upon, around, or attached to the building; that, by reason thereof, it was impossible for travelers on the highway to see the building for a distance greater than fifty feet; and that, while traveling on the highway in an automobile, Guy Beckley and Harold Beckley collided with the building and sustained injuries causing their deaths.

A plea of not guilty was entered by the defendant. The case was tried before the court and a jury, and a verdict of guilty on each count was returned. Motions in arrest of judgment and for a new trial were denied, and, from the judgment entered on the verdict, the defendant has taken this appeal.

In view of the disposition we are making of this case, we do not deem it necessary or proper to set forth a narration of what purports to be the facts, and such reference as we shall make thereto will be in connection with our discussion of the assignments of error made by the appellant.

By his first assignment, appellant contends that his motion for a dismissal of the case at the close of respondent's case, on the ground that the evidence was not sufficient to sustain a conviction, should have been granted. His theory seems to be that, as it appears from the evidence that he left the starting point early in the morning and in ample time to have reached his destination before dark, and would have done so had it not been that the truck towing the building broke down, that he did everything in his power to get the

building off the road before darkness fell, and, when it became apparent that this could not be done, he discovered his lighting equipment, consisting of flares, which he had expected to use if necessary, was not in a condition to use, and, while he was making reasonable efforts to procure other lighting equipment from nearby neighbors, the accident occurred, there existed no criminality, because, to constitute such, there must be that aggravated carelessness or negligence which is denominated "gross," and that does not exist in this case.

The argument and the cases cited in support of it are met by the case of *State v. Hedges,* 8 Wn. (2d) 652, 113 P. (2d) 530, in which it is said that one may be convicted of manslaughter if he causes the death of another by doing some act in a negligent manner, and that it is not necessary for the jury to find that the accused was guilty of gross negligence before a conviction may be had, but a finding that he failed to exercise ordinary care under the circumstances is sufficient to support a conviction. The case refers to our statute defining manslaughter (Rem. Rev. Stat., § 2395 [P. C. § 9000]), and cites and discusses our recent cases. We said there, p. 666:

"After careful consideration, we are convinced that the statute referred to does not require a finding by the jury that the accused was guilty of gross negligence, before a conviction may be had. Under this statute, a finding that an accused was guilty of ordinary negligence supports a conviction. If it be desirable that the law be amended by requiring a finding of gross negligence, that matter is within the province of the legislature."

The case is decisive of the question raised and discussed by this assignment of error. The trial court did not err in denying the motion to dismiss the case at the close of the respondent's case.

Assignments of error Nos. 2, 3, 4, and 5 are discussed together by appellant in his brief. They all relate to the contention that it was error to receive evidence that the appellant did not have a legal permit to move the building along the public highway at the place where the accident occurred, and to instructions given the jury with reference thereto. The information charges that the appellant, "without having lawful authority so to do," was engaged in moving a building along the public highway. Over objections of appellant, the respondent was permitted to show that appellant at no time had asked the county authorities for a permit to move the building over the road where the accident occurred, the road being under the jurisdiction of the county authorities. In his instructions, the trial judge told the jury that, in order to convict the appellant of the crime of manslaughter, the state must prove beyond a reasonable doubt certain enumerated elements, among which was that he was moving the building over and along the highway without lawful authority so to do; also, that one or more of the alleged negligent, unlawful, and felonious acts and omissions was the proximate cause of the death of the persons named.

By instruction No. 7, the jury was told that it was not necessary to prove that the defendant negligently, unlawfully, and feloniously operated his truck or trucks in moving the building in all of the alleged unlawful ways set forth in the information, but it would be sufficient if the jurors were satisfied beyond a reasonable doubt that the appellant so operated the trucks and moved the building in any *one* of the alleged unlawful ways set forth in the information, and that the unlawful acts or omissions, proved beyond a reasonable doubt, directly and proximately resulted in the deaths of Guy Beckley and Harold Beckley, or either of them.

To this was added instruction No. 8, which quoted our statutes to the effect that the local authorities, with respect to the public highways under their jurisdiction, may, upon application, issue a written permit authorizing any person to operate or move a vehicle exceeding the maximum specifications as to size and weight of vehicle and load over such public highway, and that such permit must be carried in the vehicle to which it refers and shall be open to inspection by any peace officer or authorized agent of any authority granting the permit. The remainder of the instruction quoted the statute with reference to the maximum width and length of the vehicle and the provisions thereto with reference to lights.

By instruction No. 12, the court advised the jury that the law in effect at the time of the alleged offenses provided that the county roads of Stevens county were under the control and management of the board of county commissioners, and that any application for a permit to move a building exceeding the maximum width specified by law over and along county roads could only be made in the manner provided by law.

Timely exception was taken to these instructions. Instruction No. 10 is related to these instructions, but, through inadvertence, no exception was taken thereto, and we cannot consider it here.

When a person is charged with manslaughter by reason of negligence on his part, whether it be the doing of some act, or his failure to do something he should have done, or whether the negligence is cast upon him as a matter of law by reason of his violation of some statute, there must be a causal connection between the negligence and the death of the person involved, so that it can be said that the act done or omitted was a proximate cause of the resultant death. *Votre v. State,* 192 Ind. 684, 138 N. E. 257; *Blackburn v.*

*State,* 203 Ind. 332, 180 N. E. 180; *Thompson v. State,* 108 Fla. 370, 146 So. 201; *State v. Satterfield,* 198 N. C. 682, 153 S. E. 155; *Jackson v. State,* 101 Ohio St. 152, 127 N. E. 870; *Logan v. State,* 42 Okla. Crim. 294, 275 Pac. 657.

We have just decided the case of *State v. Carlsten, ante* p. 573, in which we held, in a prosecution for negligent homicide under Rem. Rev. Stat., Vol. 7A, § 6360-120 [P. C. § 2696-878], that it was not error to refuse to given an instruction to the effect that deceased was operating his automobile unlawfully on the highway if it had not been " 'inspected by the Washington State Patrol during the year 1941,' " because there was no causal connection between the failure to have the vehicle inspected and the collision.

In *State v. Diebold,* 152 Wash. 68, 277 Pac. 394, the defendant was convicted of murder in the second degree under Rem. Comp. Stat., § 2393 (2), the claim being that he had mortally wounded the deceased while engaged in the commission, and withdrawing from the scene, of a felony. It seems that the defendant had stolen an automobile and then relented and was returning it to the owner when he ran into the deceased. It was held that there was not such a relationship between the felony and the homicide as would support a conviction.

■ It is very clear in the present case that the failure of appellant to have a permit to transport the building along the county road contributed in no way to the deaths of those referred to in the information, and it was error to admit the evidence and give the instructions complained of on this subject.

■ The appellant had secured a permit from the state authorities to transport the building over the state highway, but he did not secure one to transport it over

the county highway. The respondent introduced the state permit in evidence, to which no objection was made, and urges that, because of this, the reception of evidence as to the absence of a permit from the county authorities and the instructions given on the subject were not prejudicial; also, it contends that, if any of the other charges in the information are valid and supported by the evidence, the conviction should be sustained, and cites *State v. Pettit,* 74 Wash. 510, 133 Pac. 1014.

The rule announced in the *Pettit* case is that, where a statute defining a crime specifies the different ways in which it may be committed, the information may charge any or all of them if they are not repugnant, and one may be convicted of the crime upon sufficient evidence of any one or all the ways in which it may be committed. Such is not the case here. The requirement of a permit and the penalty for its violation are parts of the highway code of this state and form no part of the crime of manslaughter, and appellant's failure to object to the introduction of the *state* permit, which was irrelevant, did not justify the reception of the evidence as to the absence of *a permit to use the county highway.*

■■ By his assignment No. 6, the appellant complains that the court should have granted him a new trial because of local prejudice, but, as no motion was made for a change of venue before the trial, we cannot consider this claim of error. If it can be said that the alleged prejudice first became manifest during the trial, then the granting of a new trial was within the discretion of the court. We find no such abuse of discretion in this respect as would justify us in disturbing the action of the court.

It is claimed that certain statements and conduct of

the trial judge prejudiced the appellant, but, as the matters complained of arose, in the main, in connection with that part of the case which will be eliminated on the next trial, we find it unnecessary to review them.

Assignment No. 7 is directed to a criticism of *State v. Hedges,* which we have heretofore cited herein and followed. We find among the cases from other jurisdictions those which recognize degrees of negligence between civil and criminal cases, the element of criminal intent, and those which draw distinctions between acts which are *mala in se* and *mala prohibita,* but they are either based upon common-law concepts of the crime of manslaughter or the wording of their own statutes. Our statute (Rem. Rev. Stat., § 2395) defining manslaughter is a departure from many of these concepts, and we think, in construing and applying the statute, this court has laid down a salutary rule that one may be guilty of manslaughter if he fails to exercise ordinary care, if the other elements of the crime are present, rather than to hold that gross negligence must be shown.

By assignment No. 8, the appellant claims error in not giving his proposed instruction No. 9, as follows:

"You are instructed that ordinary care does not place upon the defendant the duty of anticipating any and all possible accidents in reference to his equipment; and if the defendant, in the planning and execution of the project in which he was engaged, acted as a reasonably prudent man under the circumstances, then the fact that, due to an unforeseen accident, his equipment was disabled, resulting in his obstructing the highway after nightfall, would not be negligence, and you should acquit the defendant.

"You are instructed that unless you believe from the evidence beyond a reasonable doubt that the defendant was guilty of such lack of attention to the reasonable,

foreseeable, natural and probable results of an unexpected breakdown in his own equipment as to amount to an utter disregard for the rights of others, then he should be acquitted. If the evidence raises in your mind a reasonable doubt that the deaths of the deceased would not have occurred except for the negligence of Guy Beckley or the negligence of one over whom the defendant had no control, then the defendant should be acquitted."

We think the instruction is too broad and that it contains elements which are not correct, and it was not error for the court to reject it. Contributory negligence is not a defense to the crime of manslaughter. It can only be considered in a case of this kind in so far as it might bear on the negligence attributed to the appellant. If the decedents were negligent, and such negligence was the sole cause of their deaths, then the appellant would not be guilty of manslaughter. All this was fully covered by instruction 15 given by the court. That part of the proposed instruction which makes an utter disregard for the rights of others a standard of conduct is not consistent with the rule of reasonable care. The appellant would have been entitled to an instruction to the effect that, in determining whether he exercised reasonable care under the circumstances, the jury would have the right to take into consideration the time and manner the equipment became disabled and the efforts made by the appellant either to remove the building from the highway or secure and use proper lighting equipment to warn travelers on the highway of the presence of the building thereon. But, as proposed, that part of the instruction is too broad and more favorable to the appellant than the evidence justified.

The other assignments of error are either covered by what we have already said or are such that the questions raised will not likely occur on another trial.

591

The judgment is reversed, and the cause remanded for a new trial.

SIMPSON, C. J., BEALS, BLAKE, and ROBINSON, JJ., concur.

