[No. 39939.    Department Two.    November 14, 1968.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANK
WALTER HARDWICK, *Appellant.**

*Richard I. Sindell,* for appellant (appointed counsel for appeal).

*Charles O. Carroll* and *James B. Gorham,* for respondent.

RYAN, J.†—The appellant, driving a 1957 Cadillac, was involved in a head-on collision with another car in the early evening of January 20, 1967, on Westlake Avenue in the city of Seattle. As a direct and immediate result of this accident a passenger in the other vehicle was killed. The appellant was charged by information with having committed the crime of negligent homicide to which he pleaded not guilty. He was found guilty by a jury and has been adjudged guilty and sentenced to prison by the trial court. This appeal is based solely on claimed error by the trial court in instructing the jury.

The evidence introduced at the trial by both parties indisputably established that the defendant had been drinking before the accident although the exact amount of alco-

*Reported in 447 P.2d 80.

†Judge Ryan is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

hol he had consumed and its effect upon him are subject to some difference of opinion. The appellant urges that the collision was caused by a mechanical defect in his car, that this was the sole and only reason for what happened and that there was no causal connection between his having consumed alcohol and the death of the passenger in the other car. He further denies having driven recklessly or with disregard for the safety of others. The existence of the mechanical defect was testified to by experts for both the state and the defendant, but whether this occurred before the accident or was caused by it, is subject to dispute.

Appellant's only assignment of error is that the trial court erred in not instructing the jury that driving while under the influence of, or affected by, the use of intoxicating liquor would not make appellant guilty of the crime charged unless such condition proximately caused the death.

The court gave the following instructions to the jury:

### Instruction No. 2

To convict the defendant Frank Walter Hardwick of the crime of Negligent Homicide, as charged in the information herein, the state must prove to you beyond a reasonable doubt:

(1) That on or about the 20th day of January, 1967, the defendant Frank Walter Hardwick operated a motor vehicle upon a public highway in King County, Washington;

(2) That the defendant operated said motor vehicle either:
  (a) in a reckless manner,
    OR
  (b) with disregard for the safety of others,
    OR
  (c) while under the influence of or affected by the use of intoxicating liquor, and;

(3) That as a proximate result of said operation of an automobile, Fred Groh died within one year.

If you find that the evidence admitted in this case proves beyond a reasonable doubt elements (1), (3) and either (2) (a), (2) (b), or (2) (c), then it will be your duty to return a verdict of guilty of the charge of Negli-

gent Homicide, as charged in the information herein. In the establishment of element (2), you are instructed that it is necessary to prove only one subelement.

On the other hand, if after weighing all the evidence you then entertain a reasonable doubt as to any of the foregoing elements required to be proven you should return a verdict of not guilty.

### Instruction No. 3

The laws of Washington provide that when the death of a person ensues within one year as the proximate result of injury received by the operation of a motor vehicle by any person while under the influence of or affected by intoxicating liquor, or by the operation of any vehicle in a reckless manner or with disregard for the safety of others, the person so operating such vehicle shall be guilty of negligent homicide by means of a motor vehicle.

### Instruction No. 4

"Homicide" is defined as the killing of a human being by another human being.

Death is a "proximate result" of the operation of a motor vehicle if the operation of the motor vehicle is the "proximate cause" of the death. "Proximate cause" means that cause which in a direct, unbroken sequence produces the death and without which such death would not have happened.

We are convinced that these instructions contain a proper statement of the law and were adequate to fully apprise the jury of appellant's theory of the case.

Instruction No. 3 substantially follows the wording of the statute defining negligent homicide. RCW 46.61.520(1). Instruction No. 2 sets out all of the essential elements of the crime charged as provided by that statute. The court not only may, but should, use the language of the statute, in instructing the jury, where the law governing the case is expressed in the statute. *State v. Bixby,* 27 Wn.2d 144, 177 P.2d 689 (1947).

In *State v. Gunderson, ante* p. 226, 444 P.2d 156 (1968), we approved an instruction which was identical in form with instruction No. 2 in the present case. In an earlier case, *State v. Costello,* 59 Wn.2d 325, 367 P.2d 816 (1962),

the trial court followed substantially the same pattern instruction. No exception was taken to it and it became the law of the case. However, Judge Foster, concurring specially with the majority opinion, which reversed the trial court's order arresting judgment or granting a new trial in the alternative, after a verdict of guilty, vigorously criticized this instruction. He contended that the instruction was erroneous because it required a causal relationship between the intoxication and the act producing the fatal accident. He insistently stated that intoxication need not be proved to be the proximate cause of the death but only that the driver be under the influence of liquor at the time without regard to proximate cause. The respondent urges that Judge Foster's opinion correctly states the law. This was only a special concurring opinion, was not the majority opinion of the court and consequently is not the law. However, appellant would go to the other extreme, complaining that the instruction does not require the causal relationship which Judge Foster found in it and criticized.

The appellant cannot successfully assert, as he attempted to do in argument to this court, that he has been prevented from presenting his theory of defense. The record clearly shows that there was extensive testimony offered by him and received by the trial court relative to his state of sobriety, the mechanical condition of the car and all of the circumstances surrounding the accident. He was literally given free rein in presenting his defense and arguing it to the jury.

The same reasoning would apply to instruction No. 4 as pertains to instructions No. 2 and No. 3.

As stated above, we believe the instructions given by the trial court were accurate and fair and gave the appellant every advantage to which he was entitled. It is also to be noted that appellant offered only two instructions, neither of which pertains to the issue here involved. All he requested, by way of objection, was a modification of the court's proposed instructions but he failed to adequately

support such request and as we have indicated, it was not meritorious in any event.

The judgment and sentence is affirmed.

FINLEY, C. J., HILL, HUNTER, and HAMILTON, JJ., concur.