[No. 41577. En Banc. July 22, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. GERALD RICHARD ENGSTROM, *Appellant.*

*Peterson, Taylor & Day, Stanley D. Taylor,* and *Theodore D. Peterson,* for appellant.

*Herbert H. Davis, Prosecuting Attorney,* and *Curtis Ludwig, Deputy,* for respondent.

HUNTER, J.—The defendant, Gerald Richard Engstrom, was charged and convicted upon three counts, in an infor-

mation for the crimes of negligent homicide, driving while under the influence of intoxicating liquor, and failure to stop at the scene of an accident, all alleged to have been committed on the evening of June 7, 1969.

The record indicates that the deceased victim, Ernest Brickner, at about 10 p.m. on June 7, 1969, was walking south on the shoulder of the northbound lane of a highway just outside of Kennewick, Washington. A witness, Paul Julson, testified that he was driving in a southerly direction and observed the decedent, Ernest Brickner, walking in the same direction on the opposite shoulder of the highway facing oncoming traffic. Mr. Julson testified that he was driving 30 to 35 miles an hour in a 35-mile-an-hour zone; that as he approached Ernest Brickner, he noticed in his rearview mirror the headlights of a vehicle coming up fairly fast, and then he noticed it swerving out to pass him, at which time he heard a loud sound or crash. It was the further testimony of Mr. Julson that the driver of this car turned his lights off and speeded up. Mr. Julson gave pursuit, observing that the vehicle was a white Ford station wagon around 1961 vintage, license number FNF 696 or FNF 691, and observed only one person in the vehicle. He thereupon returned to the scene of the crash and found the decedent lying on the side of the road, and an examination of his eyes indicated he was not alive.

The record indicates that prior to the fatal accident on the evening of June 7, 1969, the defendant was in the company of two friends, Raymond and Elizabeth Baker, who testified that they met the defendant about 8 p.m. in a grocery store parking lot; that the defendant drove them around in their pickup truck, stopping at two taverns where the defendant drank two beers; that the defendant drove them back to his car parked in the grocery store parking lot; that they observed the defendant starting to get into his car which was a light colored station wagon; that the defendant was alone, and that he was not intoxicated.

The bartender of the tavern last frequented by the de-

fendant and his friends on the evening in question, testified that he served the defendant two rounds of wine and then asked the defendant and the Bakers to leave because they were getting rowdy and he thought that they had enough to drink.

At 11:01 p.m., approximately 1 hour after the fatal accident, a state trooper located the defendant's car, a white 1960 Ford station wagon, license number FNF 691, at the defendant's residence. The state trooper observed the defendant for the first time at approximately 11:25 p.m., and, with the assistance of a second state trooper, arrested the defendant at that time. It was the testimony of both troopers that the defendant was definitely drunk, and that the defendant told them he had not been drinking since he arrived home that evening. It was the further testimony of one of the troopers that a hood ornament, missing from the defendant's car, was found near the scene of the accident.

This case came on for trial before a jury in Benton County Superior Court on December 3, 1969. The defendant rested at the close of the prosecution's case, and the jury thereupon returned its verdict of guilty on all three counts. The defendant now appeals his conviction and sentence.

The defendant's nine assignments of error may be reduced to four basic arguments, the first of which is his contention that there is not sufficient proof he was the driver of the automobile which caused the death of Ernest Brickner.

In a negligent homicide case the question of whether the accused was driving the vehicle involved in the fatal injury is a question of fact for the jury to decide. *State v. Taylor,* 196 Wash. 37, 81 P.2d 853 (1938). Where the jury's finding is based upon substantial evidence it should not be reversed. *State v. Weiss,* 73 Wn.2d 372, 438 P.2d 610 (1968).

In the instant case, there was testimony of an eyewitness who described the defendant's vehicle, obtained the license number and observed only one person in the car at the time of the fatal accident. There was testimony that the

defendant was getting into his car alone just minutes before the fatal accident, and only nine blocks from the scene of the accident. Comparison tests showed that the paint samples on the defendant's vehicle and the debris from the clothing of the deceased were similar. There were photographs showing the dented surface on the defendant's vehicle, and there was the missing hood ornament found at the scene of the accident linking the defendant's vehicle with the fatal accident. We are satisfied that these facts taken together are sufficient to justify the jury's finding that the defendant was the driver of the vehicle which caused the death of Ernest Brickner.

The defendant further contends that the trial court erred by giving the instructions to the jury pertaining to the crimes of driving while under the influence of intoxicating liquor and negligent homicide since there is no evidence that he was under the influence or affected by the use of intoxicating liquor at the time of the accident.

The evidence presented to the jury established that just prior to the accident the defendant had frequented two taverns; that the bartender at the second tavern served the defendant two glasses of wine; that the defendant was loud and rowdy and was asked to leave by the bartender because he felt the defendant had enough to drink; that three state troopers observed the defendant in an intoxicated condition, and that the defendant told the two arresting troopers he had been drinking earlier in the day but had not been drinking since he arrived home. Here again, we are satisfied that the evidence is clearly sufficient to support the finding of the jury that the defendant was driving under the influence or affected by the use of intoxicating liquor. See State v. Gunderson, 74 Wn.2d 226, 444 P.2d 156 (1968); State v. Uglem, 68 Wn.2d 428, 413 P.2d 643 (1966).

Alternatively the defendant contends that, even if there is sufficient evidence of intoxication, the negligent homicide statute, RCW 46.61.520, is unconstitutional as written in that it does not require a causal connection between driving while under the influence of intoxicating liquor and the

death of a person involved in order to sustain a negligent homicide conviction, and therefore contravenes the due process provisions of the federal and state constitutions.

At the time of the trial RCW 46.61.520 (1) provided:

(1) When the death of any person shall ensue within one year as a proximate result of injury received by the driving of any vehicle by any person while under the influence of or affected by intoxicating liquor or narcotic drugs or by the operation of any vehicle in a reckless manner or with disregard for the safety of others, the person so operating such vehicle shall be guilty of negligent homicide by means of a motor vehicle.

The court gave the following instructions to the jury:

### Instruction No. 5

You are instructed that before you can find the defendant guilty of Negligent Homicide as charged in Count 1 of the Information, it is necessary that you find from the evidence, beyond a reasonable doubt, each of the following elements:

(1) That on or about the 7th day of June, 1969, the defendant operated a motor vehicle on a public highway . . . while under the influence of or affected by the use of intoxicating liquor.

(2) That as a proximate result of such act or acts the defendant struck a pedestrian, thereby mortally injuring the pedestrian, to-wit: ERNEST A. BRICKNER, from which mortal injuries the said ERNEST A. BRICKNER, then and there died.

(3) That said acts occurred in Benton County, Washington.

### Instruction No. 6

"Homicide" is defined as the killing of a human being by another human being.

The term "proximate" as used in the law means next or nearest, lying or being in immediate relation to something else.

The term "proximate cause" means that cause which in a direct unbroken sequence produces the death in question and without which such death would not have occurred or happened.

Before a person can be convicted of the charge of negligent homicide, there must be a causal connection between the act complained of and the death of the person involved, so that it can be said that the act was a proximate cause of the resultant death.

INSTRUCTION No. 12

Under the laws of this State, the phrases "under the influence of" and "affected by", as used in the Information herein with reference to intoxicating liquor, have the same significance, import and breadth of meaning.

For the purposes of this case, the defendant may be said to have been either "under the influence of" or "affected by" intoxicating liquor, if, at the time of the alleged unlawful operation of his automobile, evidence beyond a reasonable doubt establishes that intoxicating liquor has so far affected his nervous system, brain, or muscles, so as to impair, to an appreciable degree, his ability to operate his car in the manner that an ordinary prudent and cautious man, in the full possession of his faculties, using reasonable care, would operate or drive a similar vehicle under like circumstances.

In *State v. Hardwick*, 74 Wn.2d 828, 447 P.2d 80 (1968), we held that instructions similar to the ones in the instant case contained a proper statement of the law, and rejected appellant's theory that the instructions did not require a causal connection between intoxication and the death of the person involved. We further held that it is not the law in this state that mere proof of intoxication without regard to proximate cause is sufficient to sustain a negligent homicide conviction.

In the instant case, instruction No. 5 substantially follows the statute and instructed the jury that in order to find the defendant guilty of negligent homicide, it was necessary that his act or acts of operating a vehicle while affected by or under the influence of intoxicating liquor proximately caused the mortal injuries. Instruction No. 6 defines the term "proximate cause" to mean that cause which in a direct, unbroken sequence produces the death, and further instructed the jury of the necessity of a causal connection between the act and the death of the person

involved. Instruction No. 12, in effect, instructed the jury that they may find the defendant under the influence of intoxicating liquor for the purposes of this case only, if there is evidence beyond a reasonable doubt that the intoxicating liquor appreciably impaired his ability to operate his vehicle. It is implicit from these instructions that the operation of the vehicle in an intoxicated condition must be the proximate cause of the death. We therefore find that the instructions contained a proper statement of the law, and that the statute, so construed is not in derogation of the due process provisions of our federal or state constitutions.

Furthermore, there is evidence in the instant case that the defendant was driving fairly fast, overtaking the witness, Julson, who was driving 30 to 35 miles an hour in a 35-mile zone, and that he swerved out to pass Julson, striking the deceased, Ernest Brickner. The testimony of the state troopers at the time of the defendant's arrest was that the defendant could not talk very clearly; that the defendant was swaying and unsteady on his feet, and, as heretofore recited, that the defendant stated he had not had anything to drink since he arrived home. We are satisfied there is sufficient evidence that the jury could find that the defendant operated his vehicle in an intoxicated condition which was the proximate cause of the fatal accident.

The defendant next contends that there was no proof of the cause of death of the decedent, Ernest Brickner. The defendant argues that since the deceased was not examined by a medical doctor and no X rays were taken, and since the testimony relating to observable injuries was the only evidence of the cause of death, this issue should not have been submitted to the jury.

The record discloses that just prior to the time of impact, the decedent was upright and walking on the side of the road. Immediately after the accident a witness and a police officer examined the decedent and detected no signs of life. A deputy coroner examined the decedent, observing lacerations about the head, abrasions about the body, and frac-

tures of the right leg, knee and hip joint. The deputy coroner observed that the neck of the decedent was limber, heard bones grating in the neck, and could feel a break within the neck.

The cause of death is a question of fact for the jury to decide from all the facts and circumstances. It is generally customary to introduce expert medical testimony to establish the cause of death; however, proof thereof need not be confined to that character of testimony. *State v. Bozovich,* 145 Wash. 227, 259 P. 395 (1927); *see Necessity, in homicide prosecution, of expert medical testimony to show cause of death,* Annot., 31 A.L.R.2d 693 (1953). We are satisfied that the court did not err in submitting this issue to the jury, and that there were substantial facts and circumstances upon which the jury could base its finding.

The defendant finally contends that the "hit and run" statute, RCW 46.52.020, which requires a driver of a motor vehicle involved in an accident to stop at the scene and give his name, address, vehicle license number and exhibit his driver's license to such person involved in the accident, is unconstitutional in that it violates the constitutional privilege against self-incrimination.

The same issue involving a similar "hit and run" statute was recently decided by the United States Supreme Court in *California v. Byers,* 402 U.S. 424, 29 L. Ed. 2d 9, 91 S. Ct. 1535. (1971). The majority opinion by Mr. Chief Justice Burger held that since the statute is essentially regulatory and noncriminal, since there is a strong public policy for disclosure, since the burden of disclosure is upon the public at large rather than a "highly selective group inherently suspect of criminal activities," and since the possibility of incrimination is not substantial, the statute does not violate the privilege against self-incrimination. The Supreme Court further held that compliance with the "hit and run" statute does not provide the state with such evidence of a testimonial or communicative nature within the meaning of the constitution.

We feel that this recent pronouncement by the Supreme

Court is controlling, and therefore find the defendant's contention is without merit.

The remaining contention of the defendant is that the instructions were prejudicial in that they were unduly repetitive in reference to the issue of the defendant operating a vehicle while under the influence of or affected by intoxicating liquor. We find the instructions were properly given and that this contention is wholly without merit.

The judgment of the trial court entered upon the jury verdict is affirmed.

HAMILTON, C.J., FINLEY, ROSELLINI, HALE, NEILL, SHARP, and WRIGHT, JJ., and RYAN, J. Pro Tem., concur.