[No. 1476-1. Division One—Panel 1. November 13, 1972.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES ALBERT MEARNS, *Appellant.*

WILLIAMS, J., concurs by separate opinion.

*Leslie M. Yates*, for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *John E. Nelson, Deputy,* for respondent.

CALLOW, J.—The defendant was convicted of negligent homicide by a jury and has appealed. The sole issue is whether in a negligent homicide prosecution it is necessary for the state to establish a causal connection between the

defendant's impairment of driving as a result of his drinking and the accident. The death of the victim occurred at approximately 1 o'clock in the morning of October 24, 1971, when the defendant's car struck a mother dressed in dark clothing jaywalking across a street and the child she was carrying was killed.

The defendant insists the trial court erred in giving the following instruction:

> To convict the defendant of the crime of negligent homicide as charged in the informationherein [*sic*], the state must prove beyond a reasonable doubt:
>
> (1) That on or about the 24th day of October, 1971, the defendant operated a motor vehicle in King County, Washington;
>
> (2) That the defendant then operated this motor vehicle while under the influence of, or affected by intoxicating liquor; and
>
> (3) That the operation of the motor vehicle by defendant was the proximate cause of the injury to Charles Ming; and
>
> (4) That as a result of said injury, and within one year of its occurrance, Charles Ming died.

He also assigns error to the court's refusal to give the instruction he proposed which, in essence, would have informed the jury that it was not sufficient to prove the defendant operated a vehicle while under the influence of or affected by intoxicating liquor, but that the state must also prove that "such operation was the direct and proximate cause of the accident."

In addition to these instructions and others, the court gave an instruction which defined proximate cause generally as it is defined in WPI 15.01, 6 Wash. Prac. 106 (1967), an instruction that an operator of a motor vehicle is under the influence of or affected by the use of intoxicating liquor when his ability to handle his automobile is lessened in any appreciable degree and an instruction in conformity with RCW 46.61.506 concerning the presumptions resulting from breathalyzer readings. The defendant also claims that there was insufficient evidence that his intoxication was a proximate cause of death.

At the conclusion of the evidence, the defendant renewed his motion challenging the sufficiency of the state's evidence; and the trial court said, in part:

THE COURT: I am saying I cannot find any evidence upon which I would be able to submit to the jury that issue that his intoxication was a proximate cause of death.

. . .
. . . Or that the intoxication caused misconduct.

[COUNSEL] . . . I thought you went broader and said you saw no evidence of his misconduct.

THE COURT: I said there was no evidence of driving misconduct which would have caused the death. That is why I eliminated the willfull, the recklessness; that's why the disregard for the safety of others, and I say that if I had to find a causal connection between the intoxication and the death, the jury would have to be called upon to speculate and conjecture, and therefore I would have to dismiss this matter and not submit it to the jury.

The applicable words of RCW 46.61.520 read:

(1) When the death of any person shall ensue within three years as a proximate result of injury received by the driving of any vehicle by any person while under the influence of or affected by intoxicating liquor . . . the person so operating such vehicle shall be guilty of negligent homicide by means of a motor vehicle.

The statute was in this form at the time of the accident, having been last amended in 1970.

As we read the statute, it may be broken into these elements: (1) when death ensues within 3 years as the proximate result of an injury, (2) received by the driving of any vehicle by any person affected by intoxicating liquor, then (3) the person who so operated the vehicle is guilty of negligent homicide.

■ Our analysis of the statute is that it requires only one causal connection—the causal connection between the impact of the automobile operated by the liquor influenced or affected person and the death of the person who dies as a result of injury received from such impact. The statutory wording considered does not require that the influence or

affect of intoxicating liquor caused erratic driving culminating in an impact. It is arguable that the plain words of the statute assert that a defendant may drive a vehicle according to all the rules of the road and not be negligent in any particular whatsoever; but if he is affected by liquor, drives and kills, he has violated the statute. The statute's literal meaning does not place any burden upon the state to prove that the defendant's intoxication caused him to deviate from his proper course, drive erratically, speed or disobey a rule of the road. The statute only requires the state to prove that the death of the victim was caused by the collision with or striking by the car driven by the liquor-affected defendant.

In other areas, the legislature has omitted elements from crimes that are commonly understood to be requisites to blameworthiness. Thus there is no requirement (a) of causal connection between the commission of an illegal act and the occurrence of a death when under RCW 9.48.030 one may commit murder without a design to affect death if he causes a death while withdrawing from the scene of a specified felony; (b) of design to cause death when an intoxicated physician commits manslaughter under RCW 9.48.130 by prescribing a drug which causes death; (c) of culpability when under RCW 26.28.080 absolute liability is imposed for selling liquor to minors; and (d) of intent, under RCW 66.44.300 if one treats a minor in a place where liquor is sold. Absolute liability without a causal connection between driving while intoxicated and a collision from which death ensues has been imposed in other states. *People v. Crow,* 48 Cal. App. 2d 666, 120 P.2d 686 (1941); *Massie v. Commonwealth,* 177 Va. 883, 15 S.E.2d 30 (1941).

However, the cases construing the statute have required that there be a causal connection between the defendant's drinking and the accident which results in another's death. This causal connection has been found in several cases to be required implicitly upon an examination of all of the instructions. The most recent discussion of the area is found in *State v. Engstrom,* 79 Wn.2d 469, 487 P.2d 205

(1971), which considered a challenge to the constitutionality of the statute. It was claimed the statute did not require a causal connection between driving while under the influence of intoxicating liquor and the death of a person involved, and therefore contravened the due process provisions of the federal and state constitutions. The court stated at page 474:

In *State v. Hardwick,* 74 Wn.2d 828, 447 P.2d 80 (1968), we . . . rejected appellant's theory that the instructions did not require a causal connection between intoxication and the death of the person involved. We further held that *it is not the law in this state that mere proof of intoxication without regard to proximate cause is sufficient to sustain a negligent homicide conviction.*

In the instant case, instruction No. 5 substantially follows the statute and instructed the jury that in order to find the defendant guilty of negligent homicide, it was necessary that his act or acts of operating a vehicle while affected by or under the influence of intoxicating liquor proximately caused the mortal injuries. Instruction No. 6 defines the term "proximate cause" to mean that cause which in a direct, unbroken sequence produces the death, and further instructed the jury of *the necessity of a causal connection between the act and the death of the person involved.* Instruction No. 12, in effect, instructed the jury that they may find the defendant under the influence of intoxicating liquor for the purposes of this case only, if there is evidence beyond a reasonable doubt that the intoxicating liquor appreciably impaired his ability to operate his vehicle. It is implicit from these instructions that *the operation of the vehicle in an intoxicated condition must be the proximate cause of the death.* We therefore find that the instructions contained a proper statement of the law, and that the statute, so construed is not in derogation of the due process provisions of our federal or state constitutions.

(Italics ours.)

*State v. Hardwick,* 74 Wn.2d 828, 447 P.2d 80 (1968), on which the result in the *Engstrom* case was primarily based, discussing the problem presented by *State v. Costello,* 59 Wn.2d 325, 367 P.2d 816 (1962), concluded that the instruction must require proof that intoxication of the driver was

the proximate cause of the death. The difficulties in this area have their genesis in *State v. Carlsten,* 17 Wn.2d 573, 136 P.2d 183 (1943), where an instruction was challenged which charged the jury that if the defendant drove in a careless and imprudent manner or at an improper speed, they should return a verdict of guilty provided that the decedent's death followed as a proximate result. On appeal, the instruction was upheld with the court saying: "We think the instruction, in substance, conforms to the terms of the statute, . . ."

Seventeen years later in *State v. Baker,* 56 Wn.2d 846, 355 P.2d 806 (1960), it was the defendant's theory that if there was misconduct upon his part, such was not the proximate cause of the accident. The court approved an instruction which said that one of the elements which must be proved is that the death must have been a proximate result of the defendant's operation of the automobile, and another instruction cautioned that it was not enough for the state to prove drunkenness without also proving that such was the proximate cause of the accident. A further instruction defined proximate cause. At page 860 the court said:

> The jury could not find him guilty unless there was misconduct (drunkenness or recklessness) on his part as defined by the trial court and, further, that such misconduct was the proximate cause of the accident.

Next came *State v. Costello, supra,* wherein four of eight judges sitting (Justice Mallery did not participate) sanctioned an instruction which defined the elements of negligent homicide as: (1) that the defendant operated a motor vehicle upon a public highway, (2) that he did so while under the influence of or affected by intoxicating liquor, (3) that as a direct result of such act, the defendant drove said motor vehicle into and against the body of a human being, and (4) that as a proximate result of that act, the person was mortally injured and from which injuries he died. No exception was taken to this instruction, and it became the law of the case. Justice Foster, specially concurring (with whom the three others who also agreed with

the writer of the majority opinion also joined) said the instruction interpreting the elements of negligent homicide was erroneous because

in it the jury was instructed that there must be a relationship of cause and effect between the intoxication and the act producing the fatal accident, while the statute itself makes it a crime if an accident occurs during the period of time when the driver is under the influence of intoxicating liquor, and a death is the proximate result of the accident. The error was, of course, favorable to respondent.

Justice Foster looking to the wording of the statute said:

It cannot be overemphasized that the crime is committed if the fatal accident occurs while the driver of the car is under the influence of intoxicating liquor. It is no defense that the injury is not the proximate result of intoxication. The words "proximate result" refer only to the death being the result of an injury received while the driver is under the influence of intoxicating liquor.

Justice Foster goes on to say

[t]he very purpose of this statute was to eliminate the necessity of proving intoxication to be the proximate cause of the fatal accident.

Justice Foster quotes Justice Mallery's special concurring opinion in *State v. Stevick,* 23 Wn.2d 420, 428, 161 P.2d 181 (1945), *overruled on other grounds State v. Partridge,* 47 Wn.2d 640, 289 P.2d 702 (1955), where Justice Mallery said:

". . . Thus the killing of a human being by an automobile properly driven, would nevertheless constitute negligent homicide by means of a motor vehicle if the driver was intoxicated, and contributory negligence or lack of negligence as the proximate cause would not be a defense. The case is otherwise, and negligence must be shown, when manslaughter is alleged . . .

". . . When the state can prove drunken or reckless driving even though they are not the proximate cause of the killing, it can sustain its charge if brought under [the negligent homicide statute]."

The dissent in *Costello* took issue with the special con-

curring opinion citing Annot., 99 A.L.R. 756, 772 (1935) and *State v. McDaniels*, 30 Wn.2d 76, 190 P.2d 705 (1948), *overruled on other grounds*, 47 Wn.2d 640, 646, 289 P.2d 702 (1955), to the effect that the state has the burden of proving that the defendant's negligence was the proximate cause of death.

Following *Costello*, *State v. Gunderson*, 74 Wn.2d 226, 444 P.2d 156 (1968), where the instruction was that to convict the defendant, the state had to prove that the defendant (1) operated a motor vehicle (2) while under the influence of or affected by intoxicating liquor, and (3) that as a proximate result of said operation of an automobile, the decedent died within 1 year. The court in *Gunderson* held that the "instruction contains the essential ingredients of the negligent homicide statute, RCW 46.61.520(1), . . ." This case preceded *Hardwick* (where the unanimous opinion states that the concurring opinion of Justice Foster in *Costello* is *not* the law) and *Engstrom* and brings us full circle to the present holding of those cases. *See also State v. Jacobsen*, 78 Wn.2d 491, 477 P.2d 1 (1970).

In the Comment, *Proximate Cause in Negligent Homicide*, 38 Wash. L. Rev. 313 (1963), the writer contrasted absolute liability (the strict interpretation of the statute) and the wisdom of engrafting the causal connection requirement onto the statute. It is pointed out that strict interpretation would impose culpability, fault and criminal punishment upon a person when his driving was faultless. Thus a rule of absolute liability would abrogate the distinction between excusable and inexcusable homicide and punish drinking until one is affected, as though it had caused special harm when in fact it had not. The rule of the *Hardwick* and *Engstrom* cases requiring the prosecution to prove proximate cause preserves the distinction, punishing only when drinking has caused a blameworthy result. *See also* 15 D. Blashfield, *Automobile Law and Practice* §§ 490.77, 490.85 (1969); *State v. Ramser*, 17 Wn.2d 581, 136 P.2d 1013 (1943); 40 Am. Jur. 2d *Homicide* § 93 (1968).

The discussion of the case law relative to the instructions

given forms the background for our consideration of the defendant's further assignments of error. We conclude it is required that the intoxication of the defendant caused him to operate his vehicle in an errant manner and that the affected driving caused the injury to the decedent. We can understand the reasoning of the trial court. His conclusion is supported by the literal wording of the statute and the opinions expressed by Justice Foster and those who concurred with him and by Justice Mallery. However, the mandate of our highest court as enunciated in the *Hardwick* and *Engstrom* cases has taken the other course. Reading the instructions given, the jury could conclude that the proximate cause referred to was that the cause of the decedent's death was the impact of the car rather than some other cause such as illness or other injury. While this causal connection must be shown, so also must the causal connection between drinking and impact. The instructions given were insufficient under *Hardwick* and *Engstrom*.

The elements of the crime should be explicitly reflected as:

1. The defendant on a particular day operated a motor vehicle.

2. The defendant was under the influence of or affected by intoxicating liquor.

3. The influence or effect of intoxicating liquor caused the defendant to drive his motor vehicle into the vehicle or body of another, injuring said person.

4. The death of the person ensued within 3 years as a proximate result of the injury received.

 We turn to the further assignments claiming error in the denial of the challenges to the sufficiency of the evidence and in the denial of the motion in arrest of judgment with the requirement of causal connection between drink affected driving and impact in mind. We have read the record. A consideration of the evidence of the state as truth, of the evidence in the light most favorable to the state and resolving all inferences in the state's favor leads us to agree with the trial court that there is no evidence of

errant driving. *State v. Randecker*, 79 Wn.2d 512, 487 P.2d 1295 (1971), defines this standard for testing the presence of sufficient evidence to sustain the state's position. The evidence is that the pedestrian stopped, paused and then stepped directly into the path of the oncoming car. We can find no evidence in the record (from which a jury could conclude) that the defendant could have avoided the impact even if he had been sober.

In light of our discussion of the requirement of causal connection, the challenges and the motion in arrest of judgment should have been granted. The judgment is reversed and set aside.

HOROWITZ, C.J., concurs.

WILLIAMS, J. (concurring)—I believe that *State v. Engsstrom*, 79 Wn.2d 469, 487 P.2d 205 (1971) disposes of the case. *Also see* Comment, *Proximate Cause in Negligent Homicide*, 38 Wash. L. Rev. 313 (1963).

Petition for rehearing denied December 26, 1972.

Review denied by Supreme Court February 21, 1973.