[Crim. No. 4261. In Bank.—November 30, 1939.]

THE PEOPLE, Respondent, v. ARTHUR J. BECKHARD, Appellant.

S. Ward Sullivan and Jerry Giesler for Appellant.

Earl Warren, Attorney-General, Eugene M. Elson, Deputy Attorney-General, Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

SHENK, Acting C. J.—In this case, as in the case of *People* v. *Pociask*, Crim. No. 4241, this day decided (*ante*, p. 679 [96 Pac. (2d) 788]), the question for determination was the propriety of the instructions given by the court defining the word "negligent" as used in section 500 of the Vehicle Code making the crime of negligent homicide a felony. A hearing was granted in this case after decision by the District Court of Appeal, Second District, Division Two, for the reason that the question involved herein was also presented in *People* v. *Pociask, supra,* a case then pending and undetermined in this court. Our decision in the Pociask case follows the reasoning and conclusions of the District Court of Appeal in the present case and is determinative of the contentions of the parties herein. The following portion of the opinion of the District Court of Appeal in this case, prepared by Mr. Acting Presiding Justice Wood, is adopted as our opinion herein:

"Defendant was charged in count I of the information with the crime of negligent homicide, in violation of section 500 of the Vehicle Code, in that he caused the death of Frank Coleman Joyce, while negligently driving an automobile. In count II the same charge was made except that defendant was accused of causing the death of Patricia Marian Kelly. Verdicts of guilty were returned on both counts and defendant appeals from the order denying his motion for a new trial.

"It was established at the trial that on August 27, 1938, defendant was driving an automobile on Sunset Boulevard in Los Angeles and struck the two decedents when they were walking across the boulevard in the pedestrian's marked

crosswalk. Two or three cars were ahead of the car driven by defendant and the two pedestrians stopped to let them pass and as they proceeded defendant's car struck them. Since no claim is made that the evidence is insufficient to support the verdict finding defendant guilty of the offense set forth in section 500 of the Vehicle Code it will be unnecessary to set forth the circumstances in detail.

"Defendant contends that the court erred in giving to the jury the following instruction: 'Negligence is the doing of some act which a reasonably prudent person would not do, or the failure to do something which a reasonably prudent person would do, actuated by those considerations which ordinarily regulate the conduct of human affairs. It is the failure to use ordinary care in the management of one's property or person.' At the request of defendant the court gave to the jury a number of instructions defining criminal negligence, among them the following: 'Criminal negligence in degree goes so far beyond that negligence merely which suffices to impose a civil liability for damages as to constitute it criminal negligence for which the party guilty of it may be held criminally liable. In other words, in order to constitute criminal negligence there must enter into the act some measure of wantonness or flagrant or reckless disregard of the safety of others, or wilful indifference, and if no one of these elements enters into the act the person charged cannot be held guilty of criminal negligence.' It is argued that these instructions are conflicting, that the instruction given at the request of defendant states the rule applicable correctly and that a reversal should be ordered since it cannot be determined which instruction the jury followed.

"The section of the Vehicle Code under which defendant was convicted provides: 'When the death of any person ensues within one year as the proximate result of injuries caused by the driving of any vehicle in a negligent manner or in the commission of an unlawful act not amounting to felony, the person so operating such vehicle shall be guilty of negligent homicide, . . . ' By the enactment of this section the legislature defined a crime different from any of the crimes which had been defined in any of the various provisions of the Penal Code. . . .

"Defendant is not in position to complain of the fact that the instructions actually given may have been conflict-

ing, for the condition was brought about by his own request. Moreover, he did not suffer prejudice by reason of the giving of any of the instructions, some of which were more favorable to him than he could legally demand. (*People* v. *Suesser,* 142 Cal. 354 [75 Pac. 1093].)''

The order is affirmed.

Curtis, J., Knight, J., *pro tem.,* Spence, J., *pro tem.,* Pullen, J., *pro tem.,* Edmonds, J., and Houser, J., concurred.