[Crim. No. 2377.   First Dist., Div. One.   Nov. 23, 1945.]

THE PEOPLE, Appellant, v. STANLEY ELY, Respondent.

Robert W. Kenny, Attorney General, David K. Lener, Deputy Attorney General, Edmund G. Brown, District Attorney, and Alvin E. Weinberger, Assistant District Attorney, for Appellant.

Bernheim, Popper & Sugarman for Respondent.

OGDEN, J. pro tem.—This appeal presents the question whether, after the repeal by the Legislature in 1943 of section 500 of the Vehicle Code (negligent homicide), a prosecution lies under section 192 of the Penal Code (manslaughter) where the homicide is caused by the driving of a vehicle.

The respondent was charged by information with the crime of manslaughter, the charge being based upon the death of one John Jenkins as the result of a collision, on February 17, 1945, between an automobile operated by the former and one in which the deceased was a passenger.

The trial court, upon motion of respondent, set aside the information, and from this order the People appeal.

It is the contention of respondent that the enactment by the Legislature in 1941 of the amended section 500 of the Vehicle Code, pertaining to the offense of negligent homicide, effected a repeal of Penal Code section 192, insofar as its provisions defining the offense of manslaughter were applicable to homicide caused by the driving of a vehicle, and that there has been no revivor thereof.

Section 500 of the Vehicle Code, as amended in 1941, read as follows: ''When the death of any person ensues within one year as the proximate result of injuries caused by the driving of any vehicle with reckless disregard of, or wilful indifference to, the safety of others, the person so operating such vehicle shall be guilty of negligent homicide, a felony, and upon conviction thereof shall be punished by imprisonment in the county jail for not more than one year or in the State prison for not more than three years. Hereafter, the provisions of the Penal Code, defining involuntary manslaughter, shall not apply to homicide caused by the driving of any vehicle.'' (Stats. 1941, chap. 279.)

In 1943 the Legislature expressly repealed this entire section of the Vehicle Code and by the same act (Stats. 1943, chap. 421) section 193 of the Penal Code was amended. Chapter 421 reads as follows: ''Section 1. Section 500 of the Vehicle Code is repealed. Sec. 2. Section 193 of the Penal Code is amended to read: 193. Manslaughter is punishable by imprisonment in the State Prison for not exceeding 10 years, except that a violation of subdivision 2 of section 192 of this code resulting from the operation of a vehicle is punishable by imprisonment in the county jail for not more than one year or in the State Prison for not more than five years.'' The Legislature did not, however, at that session reenact Penal Code section 192 or otherwise redefine the offense of manslaughter.

If respondent's contention is correct, the result would be that after the effective date of the foregoing legislation in 1943 a homicide caused by the negligent driving of a vehicle was not a criminal offense, at least not until the effective date of an amendment to section 192 of the Penal Code in 1945 (a date subsequent to the time here involved), which expressly redefined manslaughter as applicable to homicides caused by the driving of a vehicle. That such a result was not intended and is contrary to the expressed intent of the

Legislature is evidenced by its simultaneous adoption of the amendment to Penal Code section 193, above quoted, which provided a specific and different penalty for the crime of manslaughter resulting from the operation of a vehicle. The expressed intent of the Legislature of 1943 could not alone, it is true, serve to revive a statute or part thereof repealed, if in fact there was a repeal, by a former Legislature. Respondent relies upon the rule that no statute, or part of a statute, is revived by the repeal of the repealing statute without express words reviving such repealed statute or part of such statute. (Govt. Code, § 9607.) However, there is no need for us here to concern ourselves with the question as to what is necessary to revive a repealed statute. We are of the opinion that there was no repeal of Penal Code section 192 within the meaning of the rule stated.

Section 500 of the Vehicle Code, as originally adopted in 1935, defined an offense distinct and different from that of involuntary manslaughter. The original test of culpability as to the Vehicle Code offense of negligent homicide was whether ordinary care was exercised. The test applicable to the Penal Code offense of manslaughter was whether due caution and circumspection were exercised. (*People* v. *Pociask,* 14 Cal.2d 679 [96 P.2d 788] ; *People* v. *Beckhard,* 14 Cal.2d 690 [96 P.2d 794] ; *People* v. *Amick,* 20 Cal.2d 247 [125 P.2d 25].) A prosecution under either section was permissible, and it has been intimated that a prosecution and acquittal under one would not place the accused in jeopardy as to the other. (*People* v. *Amick, supra; People* v. *Crow,* 48 Cal.App.2d 666 [120 P.2d 686].) The two statutes were neither repugnant to nor inconsistent with each other; they were *in pari materia.* The change of the Vehicle Code section test of culpability from that of failure to exercise ordinary care to one of reckless disregard of, or willful indifference to, the safety of others, as effected by the amendment of 1941, did not create any change in such relationship. But for the concluding clause of the amendment, the provisions of both sections, in a proper case, would have remained applicable to an unlawful homicide caused by the operation of a vehicle.

The Legislature, by providing that the definition of involuntary manslaughter should no longer apply to such cases, did not repeal, either expressly or by implication, that definition. It merely created an exception to its application,

leaving the definition remaining in the same form and language. The definition of the crime of manslaughter in section 192 of the Penal Code remained unchanged and unmodified. The applicability of that definition, not the definition itself, was modified. Except for the restraining effect of the amendment, the Penal Code section would have remained, as before, applicable to vehicle cases. When, by the repeal of section 500 of the Vehicle Code in 1943, the barrier to the full application of the definition of manslaughter was removed, that definition again applied without restriction to every situation embraced within its expressed meaning.

The case of *County of Ventura* v. *Barry*, 202 Cal. 550 [262 P. 1081], presented a situation somewhat parallel to the situation here, and is determinative of this appeal. In holding that there was no repeal there, the court said (at p. 554): ''The rule of law applicable to this situation is well stated as follows: 'The statutory rule against the revival of a statute by the repeal of a repealing act relates to absolute repeals, and not to cases where a statute is left in force and all that is done in the way of repeal is to except certain cases from its operation. In such cases the statute does not need to be revived, for it remains in force, and the exception being taken away, the statute is afterwards to be applied without the exception; . . .' (25 R.C.L. 934).'' That case involved the right of the county assessor to retain a percentage of personal property taxes collected by him. Section 4290 of the Political Code, in part, provided: '' . . . the assessor shall be entitled to receive and retain for his own use, unless in this title otherwise provided, six per cent of personal property tax collected by him. . . .'' By a subsequent amendment of 1923 to section 4252 of the same title of the Political Code it was provided, in part, that ''All commissions or fees now or hereafter allowed by law shall be paid into the county treasury. . . .'' Section 4252, in 1925, was reenacted with the above-quoted provision omitted. It was held that there had been no repeal of section 4290 and that the assessor was again entitled to retain a percentage of taxes collected.

Respondent attempts to distinguish *County of Ventura* v. *Barry, supra,* from the situation here presented, upon the basis that the applicable statute in that case expressly provided ''unless in this title otherwise provided.'' He argues that the test of a repeal is whether the statutes are *in pari*

*materia* or are repugnant to each other, and that the words "unless in this title otherwise provided" saved the general statute in the cited case from conflict with the specific provision. Without disputing the soundness of this reasoning, it should be pointed out that in both the cited and instant situations the Legislature did nothing more than create an exception to the applicability of a statute which otherwise remained in force. In the cited case the original statute expressly contemplated exceptions to its application. In the instant case the subsequent statute alone created the exception. Both cases clearly come within the rule quoted from 25 Ruling Case Law 934 and approved by the Supreme Court in the case cited.

We have examined the case of *People* v. *Hunt*, 41 Cal. 435, relied upon by respondent, but find nothing therein inconsistent with what has been said here. It was there held that an act which provided for the election of county assessors repealed by implication a former act providing for the election of township assessors; and that a subsequent repeal of the repealing act did not revive the act providing for township assessors. The situation presented there was clearly one of outright repeal and was therefore within the rule of Government Code section 9607.

In his brief, respondent states that his motion to set aside the information was based upon the additional ground that at the preliminary hearing no causal connection between the death of the deceased and any act of respondent was established. He does not, however, further elaborate upon or argue this point. The record discloses that his motion was made and submitted to the trial court solely upon his contention that there had been a repeal of section 192 of the Penal Code. However, upon examination of the reporter's transcript of the testimony received at the preliminary hearing, we are satisfied that such causal connection was sufficiently established thereby.

The order appealed from is reversed and the cause is remanded for appropriate proceedings upon the information.

Peters, P. J., and Ward, J., concurred.

A petition for a rehearing was denied December 8, 1945, and respondent's petition for a hearing by the Supreme Court was denied December 20, 1945. Carter, J., voted for a hearing.