[Crim. No. 3476. First Dist., Div. Two. Oct. 27, 1958.]

THE PEOPLE, Respondent, v. ROBERT H. ROGERS,
Appellant.

John E. Benson, under appointment by the District Court of Appeal, and Alden McClelland for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Raymond M. Momboisse, Deputy Attorney General, J. Frank Coakley, District Attorney (Alameda), and Kiernan Hyland, Deputy District Attorney, for Respondent.

DRAPER, J.—A jury found defendant guilty of murder of the second degree, and he appeals from the ensuing judgment.

The homicide which is the basis of this prosecution occurred in the course of a fight between two groups. As is often true, neither defendant nor decedent participated in the quarrel which precipitated the fight.

Following a near collision of their automobiles, one Keiser and one Johnson exchanged angry remarks. The dispute occurred immediately outside Johnson's home. Keiser announced that he would return, and Johnson said: "Come on back." Keiser returned in a few minutes with a half dozen friends, including decedent Grilho. Friends of Johnson, including defendant, had gathered to his defense. Keiser and

his friends left Keiser's car and advanced upon Johnson, who stood upon the lawn of his own home. Keiser struck Johnson, and a general melee ensued, in the course of which decedent was fatally stabbed.

The evidence established that defendant had a switchblade knife capable of inflicting the wound which caused the death, and defendant, in a statement to police officers, admitted stabbing two men in the course of the affray. There is no direct testimony that decedent was one of the men stabbed by defendant (four men suffered stab wounds in this fight), but on the whole record we are convinced that there was sufficient circumstantial evidence to warrant a finding that defendant inflicted the fatal wound.

The jury, however, was instructed that one "who has sought or induced the quarrel" cannot assert self-defense unless he "decline further combat, honestly endeavor to desist therefrom, and fairly and clearly inform his adversary . . . of his desire for peace, and that he has abandoned the contest."

Appellant concedes that the instruction correctly states the law, but contends that this rule of law has no application to the facts at bar. It is clear that an instruction, although correct as an abstract statement of law, is erroneous if not applicable to the evidence introduced. (*People* v. *Roe*, 189 Cal. 548, 558 [209 P. 560]; *People* v. *Moore*, 43 Cal.2d 517, 530 [275 P.2d 485].)

The prosecution argues that there is evidence tending to show that appellant was the assailant, pointing out testimony that Johnson was some 25 to 30 feet from defendant when the fight between Johnson and Keiser started, and arguing that it is inferable that defendant advanced to the fray. But there is no evidence to show where decedent was when Keiser first struck Johnson, and thus no showing that defendant advanced to meet decedent. On the contrary, there was some evidence that decedent advanced upon defendant before this pair began fighting. The prosecution also contends that defendant armed himself with the knife in preparation for this encounter. The only evidence is to the contrary. We have reviewed the record in detail and are unable to find any evidence, direct or inferential, to support the claim of the prosecution upon this issue. We conclude that this instruction was in error.

The court also instructed that "The right of self-de-

fense is not available to either of two persons who by pre-arrangement, or otherwise by agreement, enter into and carry on a duel or deadly mutual combat,'' unless the one claiming self-defense shows that he endeavored to decline further combat and brought home to his adversary knowledge of his desire to cease fighting. This instruction, also, appears wholly outside the evidence. There is no showing, directly or by inference, that defendant had any prearrangement to fight anybody, and certainly none connecting him in any such way with decedent. On the present record, defendant stood by to aid Johnson in defending against an assault made upon him upon his own premises, where he had a right to be. Defendant did not intervene until Johnson had been attacked. Keiser's own testimony shows that as to Johnson Kieser was the aggressor. Even as to Johnson, it is difficult to maintain the thesis that he invited or agreed to the fight. At most, he agreed to remain upon his home property, where he had a right to be. This is not the situation where two gangs agree to meet for combat. Rather, as the record now stands, Johnson merely refused to flee his home in the face of Keiser's threat to return there. Even if Johnson's words and deeds are imputable to defendant, they do not show an agreement or arrangement for mutual combat. It follows that this instruction, also, was erroneous in the light of the evidence.

There remains the question whether these errors were prejudicial. Unless they have resulted in a miscarriage of justice, the judgment should not be reversed. (Cal. Const., art. VI, § 4½.)

■ Self-defense, or defense of another threatened with great bodily harm (Pen. Code, § 197), was the principal defense available to appellant. The erroneous instructions denied him that defense, since there was no evidence that he attempted to withdraw from the melee or notified his opponents of his desire to do so. It seems clear that such denial was prejudicial. If properly instructed, the jury could have concluded that defendant was entitled to act in self-defense or in defense of Johnson, but that the force used by him was excessive and that he therefore was guilty. But in the light of the erroneous instructions, it seems unlikely that the jury ever reached this issue. Rather, the instructions required them to reject all claim of self defense, to the prejudice of defendant.

The instructions were erroneous only because there is no

evidence to warrant them, and this decision does not preclude like instructions if the evidence upon retrial should justify them.

Judgment reversed.

Kaufman, P. J., and Martinelli, J. pro tem.,* concurred.

A petition for a rehearing was denied November 26, 1958.

*Assigned by Chairman of Judicial Council.