[Crim. No. 4026.   First Dist., Div. Three.   Mar. 23, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. LEWIS MILES, Defendant and Appellant.

Lewis Miles in pro. per., and Thomas Schneider, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny and John F. Foran, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—Defendant was charged with murder. A jury found him guilty of manslaughter. He was sentenced to prison and appeals from the judgment.

Decedent Dollison's wife was living with defendant in the latter's hotel room. Dollison and defendant had had previous fights about this unconventional domiciliary arrangement. Nonetheless, Dollison elected to take the couple's 5-year-old son to visit Mrs. Dollison at defendant's hotel room. Not surprisingly, the visit led to violence. The direct evidence is uncontradicted that decedent opened the social visit with highly uncomplimentary remarks to defendant, and struck the first blow. In the course of the ensuing scuffle, defendant was kicked and, he claims, choked by Dollison. Defendant seized a knife and stabbed Dollison a number of times. Dollison died in a hospital shortly thereafter. Autopsy revealed multiple stab wounds, one of which penetrated a lung and apparently caused death.

In instructing the jury on self-defense, the court said that the person claiming this defense, "if he was the assailant or engaged in mutual combat, must really and in good faith have endeavored to decline any further struggle before the homicide was committed." Appellant claims that this instruction requires reversal, because there is no evidence that defendant was the assailant.

■ It is true that instructions limiting the right of self-defense, given without request by defendant, are erroneous if not applicable to any evidence in the case (*People* v. *Rogers,* 164 Cal.App.2d 555 [331 P.2d 163]).

■ Here, however, defendant requested an instruction containing the exact language now objected to. It is true that the direct evidence is that decedent struck the first blow. It is equally true, however, that testimony of witnesses of deadly combat is seldom consistent and clear. The normal hazards of hurried observation are heightened by the excitement, fear or anger induced by the struggle. In such situations, inferences are even more important than usual. There

could have been room for inference that defendant, although originally assailed, became an attacker in the rapidly changing course of the struggle. Here no witness save defendant was present throughout the struggle. The others had but brief views of portions of the combat. Defendant's testimony was impeached by evidence of his previous conviction of assault with a deadly weapon, a knife. It is readily understandable that trial counsel for defendant, in the light of this testimony of kaleidoscopic views of the rapidly changing scene, could entertain serious doubt as to the inferences the jury might draw.

It is in this context that the trial court was required to consider trial counsel's request for the instruction of which court-appointed counsel on appeal now complains. There was direct evidence that defendant had sought to withdraw from the struggle before the knifing occurred. Under this evidence, defendant could find real help in the instruction now questioned.

To find prejudicial error in the court's compliance with defendant's request for this instruction would be to place upon the trial judge the duties of a super-counsel for the defense. Not only is appellant in no position to complain of an instruction requested by him (*People* v. *Beckhard,* 14 Cal. 2d 690 [96 P.2d 794] ; *People.* v. *Rodley,* 131 Cal. 240, 258 [63 P. 351]), but, in the light of this request and of the circumstances outlined above, it is difficult to find prejudice and easy to find benefit to him in the challenged instruction.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 16, 1962.