[No. 26932. Department One. May 9, 1938.]

THE STATE OF WASHINGTON, *Respondent,* v. RUDY J. DICKERT, *Appellant.*[1]

*J. W. Selden,* for appellant.

*Harry H. Johnston, Stuart H. Elliott,* and *Frank Hale,* for respondent.

MAIN, J.—The information in this case contains two counts. In the first, the defendant was charged with negligent homicide by means of a motor vehicle, committed while he was driving an automobile in an intoxicated condition. In the second count, he was charged with negligent homicide by means of a motor vehicle, committed while he was driving an automo-

'Reported in 79 P. (2d) 328.

bile in a reckless manner, with disregard for the safety of others using the highway. The jury acquitted the defendant upon the first count and convicted him upon the second. He moved in arrest of judgment and for a new trial, both of which motions were overruled. From the judgment and sentence, he appealed.

The accident which gave rise to the prosecution happened April 26, 1937, at about 10:30 o'clock p. m., on what is referred to as south Sixty-sixth street, a short distance outside the city limits of Tacoma. This street extends east and west, and within the city limits it is paved to a width of twenty feet. Outside the city, the pavement is eighteen feet wide. The accident happened a short distance beyond the city limits and near the intersection of south Sixty-sixth street and Villard street. In the center of the pavement there was a yellow strip, and on either side there was a dirt or gravel shoulder.

Fred Richardson, a young man seventeen years of age, and Betty Sylvester were returning from an Epworth League meeting which they had attended at a schoolhouse about a mile distant. They were walking west on the left-hand side of the pavement, Miss Sylvester walking on the gravel and Mr. Richardson about eighteen inches from the edge of the pavement. They were facing the oncoming traffic. The appellant was proceeding west on the pavement, driving a Ford truck, and, about seventy-five or one hundred feet east of Villard street, the car crossed the yellow strip, struck Mr. Richardson, and carried him some distance. The car also struck Miss Sylvester and knocked her down. Mr. Richardson died a few hours later.

The appellant admits that the left wheels of the truck were over the yellow strip; admits striking the parties, but says that Mr. Richardson was farther out on the pavement than he was placed in the testimony

of Miss Sylvester. There was no other traffic upon the street at the time, and there was nothing unusual about the atmospheric conditions. Thereafter, the present prosecution was begun, with the result above stated.

■ The principal question presented upon the appeal, as it appears to us, is whether the second count of the information charged a crime. That count was based upon § 120 of chapter 189, Laws of 1937, p. 911, which is one of the sections of the motor vehicle act. This section provides that:

"When the death of any person shall ensue within one year as a proximate result of injury received by the operation of any vehicle by any person while under the influence of or affected by intoxicating liquor or narcotic drugs or by the operation of any vehicle in a reckless manner or with disregard for the safety of others, the person so operating such vehicle shall be guilty of negligent homicide by means of a motor vehicle." Rem. Rev. Stat., Vol. 7A, § 6360-120 [P. C. § 2696-878].

It will be observed that one of the elements of the crime, as defined by this statute, is the "operation of any vehicle in a reckless manner or with disregard for the safety of others." The appellant says that § 118, p. 910, of the same act should be read and applied in connection with § 120. In § 118, reckless driving is defined as follows:

"It shall be unlawful for any person to operate a motor vehicle in a reckless manner over and along the public highways of this state. For the purpose of this section to 'operate in a reckless manner' shall be construed to mean the operation of a vehicle upon the public highways of this state in such a manner as to indicate either a willful or wanton disregard for the safety of persons or property." Rem. Rev. Stat., Vol. 7A, § 6360-118 [P. C. § 2696-876].

It will be observed that, by this section, to operate a motor vehicle in a reckless manner means that the operation be in such a manner as to indicate "either a willful or wanton disregard" for the safety of persons or property. The language "willful or wanton disregard" does not appear in § 120, which defines, as stated, the crime of negligent homicide, the section upon which the charge in this case was based.

The words "willful or wanton disregard" cannot be lifted from their setting in § 118 and read into § 120. In § 118, it is expressly provided that, for the purpose "of this section," to operate in a reckless manner means in such a manner as to indicate either a willful or wanton disregard for the safety of persons or property. The willful or wanton disregard for the safety of persons or property is not one of the elements of negligent homicide, as that crime is defined in § 120. The information in this case was substantially in the language of § 120, and the charge was stated in such a manner that a person of common understanding could easily determine the nature of the offense which it was sought to charge. The information was sufficient. *State v. Sullivan,* 97 Wash. 639, 166 Pac. 1123.

 Upon the trial, in sur-rebuttal, the appellant offered to prove that, sometime subsequent to the accident, the brakes on the truck were examined by a mechanic and found to be very defective. This offer of proof was rejected, and rightly so, because the evidence was wholly immaterial, as appears from the testimony of the appellant himself. "Q. And you did not see these two people until you were right on top of them? A. No, sir."

There is another reason why the offer in this case was not sufficient, but what has been said sufficiently covers the matter.

There are a number of assignments of error with

reference to the instructions given and requests refused. The instructions given to which objection is principally made, carried out the theory of the trial court that this prosecution rests upon § 120 of the statute, and that the language of § 118 could not be read into it. The requests refused tend to carry out the theory of the appellant that the language in § 118, already referred to, should be read into § 120 as one of the elements of the crime therein defined. From what has been already said, it appears that we approve the theory of the trial court.

The instructions are comprehensive and present the case to the jury in such a manner that they could not have failed to understand just what it was that they were to decide. We find no error in the instructions given, and the requested instructions were properly refused. To discuss these instructions in detail, would extend this opinion beyond reasonable lengths and would serve no useful purpose.

There are some other claims of error which are of minor importance, to which little attention is given in the briefs. With reference to these, we will only say that they have been considered, and in none of them do we find substantial merit.

The judgment will be affirmed.

STEINERT, C. J., HOLCOMB, GERAGHTY, and SIMPSON, JJ., concur.