[No. 32857. *En Banc*. November 3, 1955.]

THE STATE OF WASHINGTON, *Appellant*, v. HERBERT W. PARTRIDGE, *Respondent*.[1]

*Charles O. Carroll* and *F. A. Walterskirchen*, for appellant.

*Burton S. Robbins* and *Ralph E. Franklin*, for respondent.

SCHWELLENBACH, J.—This is an appeal from an order granting a new trial in a negligent homicide case.

Herbert W. Partridge was charged by information with the crime of negligent homicide. The information charged, in part:

[1]Reported in 289 P. (2d) 702.

"He, the said HERBERT W. PARTRIDGE, . . . while then and there operating a motor vehicle, to-wit: an automobile, . . . and being in the discharge of his duties as such driver and operator, then and there did operate said motor vehicle in a *negligent* manner, and with a disregard for the safety of others, . . ." (Italics ours.)

The charge was brought for violation of RCW 46.56.040, commonly known as the negligent homicide statute. It provides in part:

"When the death of a person ensues within one year as a proximate result of injury received by the operation of a vehicle by any person while under the influence of or affected by intoxicating liquor or narcotic drugs or by the operation of any vehicle in a *reckless* manner or with disregard for the safety of others, the person so operating such vehicle shall be guilty of negligent homicide by means of a motor vehicle." (Italics ours.)

Upon conviction, defendant filed a motion in arrest of judgment on the ground that the information did not charge the crime of negligent homicide in that it alleged operation of a motor vehicle in a *negligent* manner, rather than in a *reckless* manner, as provided in the statute, and, in the alternative, for a new trial because of the giving of erroneous instructions.

The trial court denied the motion in arrest of judgment because, although it felt that the allegation "in a negligent manner" did not charge under the statute, it did charge "with a disregard for the safety of others." The court granted a new trial because of the giving of instructions Nos. 3, 6, 14, and 15, stating: "The Instructions which were given by the Court permitted conviction upon a finding of ordinary negligence."

We shall quote instructions Nos. 3 and 15:

"3. You are instructed that the laws of the State of Washington provide that when the death of any person shall ensue within one year as a proximate result of injury received by the operation of any vehicle in a reckless manner or with disregard for the safety of others, the person so operating such vehicle shall be guilty of negligent homicide by means of a motor vehicle.

"*Under this statute, a finding that an accused is guilty of*

*ordinary negligence supports a conviction."* (Italics ours.)

"15. The defendant is charged with a crime under Section 46.56.040, Revised Code of Washington, which reads in part as follows:

" 'When the death of a person ensues within one year as a proximate result of injury received by the operation of a vehicle by any person while under the influence of or affected by intoxicating liquor or narcotic drugs or by the operation of any vehicle in a reckless manner or with disregard for the safety of others, the person so operating such vehicle shall be guilty of negligent homicide by means of a motor vehicle.'

*"Under this statute a finding that an accused is guilty of ordinary negligence supports a conviction.*

"Unless you find from the evidence beyond a reasonable doubt that the defendant is guilty of the crime set forth in the foregoing statute, you must find the defendant not guilty." (Italics ours.)

The legislature, in chapter 189, Laws of 1937, p. 835, enacted the motor vehicle act, consisting of one hundred fifty-nine sections. Section 120 thereof, the negligent homicide statute, was included therein at the behest of the prosecutors. They had experienced difficulty in obtaining convictions under the manslaughter statute because juries were loath to attach the onus of "manslaughter" to those causing the death of a person through the operation of an automobile.

The first case to come before us under this statute was *State v. Dickert,* 194 Wash. 629, 79 P. (2d) 328. It was there contended that one of the elements of the crime was to act in a willful or wanton disregard of the safety of persons or property as provided in § 118 of the act. In answer to appellant's contention, we said:

"It will be observed that one of the elements of the crime, as defined by this statute, is the 'operation of any vehicle in a reckless manner or with disregard for the safety of others.' The appellant says that § 118, p. 910, of the same act should be read and applied in connection with § 120. In § 118, reckless driving is defined as follows:

" 'It shall be unlawful for any person to operate a motor vehicle in a reckless manner over and along the public highways of this state. For the purpose of this section to "operate in a reckless manner" shall be construed to mean the

operation of a vehicle upon the public highways of this state in such a manner as to indicate either a willful or wanton disregard for the safety of persons or property.' Rem. Rev. Stat., Vol. 7A, § 6360-118 [P. C. § 2696-876].

"It will be observed that, by this section, to operate a motor vehicle in a reckless manner means that the operation be in such a manner as to indicate 'either a willful or wanton disregard' for the safety of persons or property. The language 'willful or wanton disregard' does not appear in § 120, which defines, as stated, the crime of negligent homicide, the section upon which the charge in this case was based.

"The words 'willful or wanton disregard' cannot be lifted from their setting in § 118 and read into § 120. In § 118, it is expressly provided that, for the purpose 'of this section,' to operate in a reckless manner means in such a manner as to indicate either a willful or wanton disregard for the safety of persons or property. The willful or wanton disregard for the safety of persons or property is not one of the elements of negligent homicide, as that crime is defined in § 120."

In *State v. Stevick,* 23 Wn. (2d) 420, 161 P. (2d) 181, two of the instructions given were Nos. 5 and 6:

"No. 5. I instruct you that it is the duty of every operator of a motor vehicle to obey the laws of the state of Washington pertaining to the operation of motor vehicles.

"No. 6. The term 'to operate in a reckless manner,' when used in connection with the operation of a motor vehicle over and along the public highways of this state, is defined to mean the operation of a motor vehicle in a heedless, careless or rash manner or in a manner indifferent to consequences. It is a disregard for the safety of persons or property."

The appellant complained that the trial court did not require the state to prove its case to the full measure of the statutory definitions, but injected the doctrine of ordinary negligence. It was contended that instruction No. 6 should have defined the phrase "operate in a reckless manner" to be willful or wanton disregard for the safety of persons or property, as provided in § 118 of the act. In answer to that contention, we said:

"This court has considered these questions in *State v. Dickert,* 194 Wash. 629, 79 P. (2d) 328, and *State v. Hedges,* 8 Wn. (2d) 652, 113 P. (2d) 530. In the latter case this court considered the proposition as to whether a conviction could

be had, or a death was caused, 'by the failure of the accused to use ordinary caution in performance of a lawful act by lawful means and without unlawful intent.' After citing and commenting upon many decisions, it was decided:

" 'After careful consideration, we are convinced that the statute referred to does not require a finding by the jury that the accused was guilty of gross negligence, before a conviction may be had. Under this statute, a finding that an accused was guilty of ordinary negligence supports a conviction.' "

The *Hedges* case was a manslaughter action in connection with a hunting accident. The "statute" referred to in the statement quoted in the *Stevick* case was the manslaughter statute. This was pointed out by Judge Mallery in his concurring opinion in the *Stevick* case. He stated:

"The state has its election as to which statute it desires to inform under, but the existence of this election does not give the state the right to allege an offense under one statute and sustain a conviction upon proof of the other. In this case, the state elected to bring the information under Rem. Rev. Stat., Vol. 7A, § 6360-120. It was required to prove that death ensued within a year as the proximate result of an injury which occurred while the defendant was driving in a reckless manner.

"Because some acts may constitute both reckless driving and negligence, it does not follow that the terms are synonymous and interchangeable. . . .

"It is clear that, as the state was required to prove operation in a reckless manner, it was error for the court to instruct that operation in a negligent manner, an included and lesser offense, was sufficient."

Following that, we held in *State v. McDaniels,* 30 Wn. (2d) 76, 190 P. (2d) 705:

"While it is true that in a prosecution for negligent homicide, under Rem. Rev. Stat., Vol. 7A, § 6360-120, the state has the burden of proving beyond a reasonable doubt that the defendant's negligence was the proximate cause of death, it is not necessary that the state prove gross negligence on the part of the accused; proof of ordinary negligence is sufficient to support a conviction. *State v. Stevick,* 23 Wn. (2d) 420, 161 P. (2d) 181."

The trial court, in this case, was impressed by Judge Mallery's concurring opinion in the *Stevick* case, and, after considering all of the cases decided since the enactment of the negligent homicide statute, said:

"After reading all those cases and re-reading them, it is the conclusion of this Court that this vital question with which we are here concerned has never been adequately or properly presented to the Supreme Court. In State versus Stevick, and State versus McDaniels, the Court's attention was focused on the more serious aspects of those cases, and real consideration—exhaustive consideration, it seems to me —was not given to this distinction between 'negligent manner' and 'reckless manner'. That is the turning point in the case before us. To my mind there is no escape from the conclusion that something more than mere negligence is required to support a conviction under RCW 46.56.040 something more than 'ordinary negligence', as we called it in the instructions."

■ We hesitate to overrule cases which have been in the books for some length of time, yet when we are confronted with a problem and are convinced that we have been wrong, it is our duty to do so. Section 120, chapter 189, Laws of 1937, p. 911, was a special act passed by the legislature to meet a particular situation. It set up a new crime—the crime of negligent homicide. The elements of that crime are: death within one year as the result of the operation of a motor vehicle by any person while (1) under the influence of or affected by intoxicating liquor or narcotic drugs, or (2) by the operation of any vehicle in a reckless manner, or (3) with disregard for the safety of others.

■ We do not question that a person operating a vehicle in a reckless manner could also be guilty of negligence, but the gravamen of (2) is operating in a reckless manner. We are satisfied that a finding of ordinary negligence is not sufficient to support a conviction under the act. To operate a motor vehicle in a reckless manner is something more than that. Although we do not wish to limit the trial courts in their definition of the term, it is, as instruction No. 6 in the *Stevick* case stated, "the operation of a motor vehicle in a heedless, careless or rash manner or in a manner indifferent

to consequences." All prior cases holding differently and, in particular, the *Stevick* and *McDaniels* cases, are hereby overruled as to this point.

We are not passing upon the degree of proof necessary to support a conviction under the charge "with a disregard for the safety of others" for the reason that that issue is not before us.

■■■ It was error in this case for the state to charge the defendant with operating the motor vehicle in a negligent manner. It was error to give instructions Nos. 3, 6, 14, and 15. The trial court was correct in denying the motion for arrest of judgment and in granting the motion for new trial. Its order is affirmed.

ALL CONCUR.

January 13, 1956. Petition for rehearing denied.