[No. 4817–II.  Division Two.  January 13, 1982.]

THE STATE OF WASHINGTON, *Appellant,* v. PRISCILLA COLLEEN CULP, *Respondent.*

*Don Herron, Prosecuting Attorney,* and *Gary Cronk, Deputy,* for appellant.

*John S. O'Connell,* for respondent.

PEARSON, J.—This is an appeal by the State from dismissal of a charge of negligent homicide. The dismissal was based upon the constitutional principle of double jeopardy, as defendant had been previously tried on several misdemeanor charges in municipal court arising from the same accident. The issue is whether double jeopardy principles were properly applied by the trial court. We affirm.

For purposes of this opinion, we assume that the State could prove that the defendant, while intoxicated, drove her car across the center line of a highway and ran head–on into a car driven by Dwight Gourley. As a result of the injuries he suffered, Gourley died about 5 weeks later. Prior to Gourley's death, defendant was charged in municipal court with negligent driving and with driving while intoxicated. After Mr. Gourley's death, these charges came up for disposition in municipal court. Defendant stipulated (agreed to a reading of the record) in municipal court to the

fact that she had driven while intoxicated. The charge of negligent driving was then reduced to a charge of failure to use due care and defendant was convicted of that charge. At the same time, disposition of the driving while intoxicated charge was deferred for 1 year by the municipal court.

Two days after the municipal court matter was heard, defendant was charged in Superior Court with negligent homicide. She successfully sought to have this charge dismissed on the basis that to try her for negligent homicide would place her in jeopardy a second time for the same acts which led to the municipal court proceedings. The trial court agreed with her contentions and dismissed the information.

■ In Washington, a defendant in a nonjury case such as the present one is placed in jeopardy if he is subjected to the charge and the court has begun to hear evidence. *State v. Ridgley,* 70 Wn.2d 555, 424 P.2d 632 (1967). Under this standard, defendant was clearly placed in jeopardy on all charges considered in municipal court.

■ ■ If jeopardy attaches, prosecution for a lesser included offense will bar a later prosecution for a greater offense. *Illinois v. Vitale,* 447 U.S. 410, 65 L. Ed. 2d 228, 100 S. Ct. 2260 (1980). In order to consider the double jeopardy claims raised in this case, we must first examine the rules in this state dealing with lesser included offenses. The basic law on this subject is found in *State v. Roybal,* 82 Wn.2d 577, 512 P.2d 718 (1973). Under the test adopted in that case, if it is possible to commit the greater offense without committing the lesser offense, that offense is not a lesser included crime. *State v. Eike,* 72 Wn.2d 760, 435 P.2d 680 (1967) holds that negligent homicide may be committed by (1) causing the death of another (2) while driving a vehicle (3)(a) under the influence of intoxicating liquors or drugs (b) in a reckless manner, or (c) in a manner evidencing disregard for the safety of others.

■ We must determine whether the offenses for which defendant was placed in jeopardy in municipal court are

882

lesser included offenses in that each is a possible way of committing negligent homicide described in (3) above. Driving while intoxicated is obviously a lesser included offense of negligent homicide committed while driving in an intoxicated state. Likewise, negligent driving is a lesser included offense of reckless operation of a vehicle. *State v. Travis,* 1 Wn. App. 971, 465 P.2d 209 (1970). Similarly, negligent operation of a vehicle is a lesser included offense of driving in disregard of the safety of others. *State v. Partridge,* 47 Wn.2d 640, 289 P.2d 702 (1955). Thus it is clear that defendant was placed in jeopardy of a lesser included offense in each possible method of committing negligent homicide. Since defendant cannot be convicted of negligent homicide without being placed for a second time in jeopardy for acts already considered in municipal court, the trial court correctly dismissed the negligent homicide charges.

Affirmed.

REED, C.J., and PETRIE, J., concur.