# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 72368-5-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| JEREMY IAN FRIEDAY, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: November 17, 2014 |
| | ) | |

Cox, J. — In all criminal prosecutions, the State must prove beyond a reasonable doubt all the necessary facts of the crime charged.[1] Here, each of the crimes charged required the State to prove the identity of Jeremy Ian Frieday as the person who committed the crime. There is insufficient evidence to prove identity for either crime. Accordingly, we reverse and remand with directions to dismiss with prejudice.

The State charged Frieday, by amended information, with one count of attempting to elude a pursuing police vehicle, one count of driving while license suspended or revoked in the second degree, and one count of reckless driving. All three charges were based on events that occurred on December 2, 2012.

Frieday moved to dismiss the charges pursuant to CrR 8.3. After a hearing, the court denied this motion.

---

[1] State v. Colquitt, 133 Wn. App. 789, 796, 137 P.3d 892 (2006).

The case proceeded to a jury trial on all three charges in June 2013. Following the State's case, Frieday moved to dismiss all three counts, arguing that the evidence did not support a finding beyond a reasonable doubt that Frieday was the driver of the car. The court denied this motion.

The jury convicted Frieday on all counts.

Frieday appeals.

## SUFFICIENCY OF THE EVIDENCE

Frieday argues that there was insufficient evidence to support his three convictions. Specifically, he contends that the State failed to prove beyond a reasonable doubt that he was the driver of the car underlying the changes on the date in question. We agree.

Due process requires the State to prove beyond a reasonable doubt all the necessary facts of the crime charged.[2] "The test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt."[3] "When the sufficiency of the evidence is challenged in a criminal case, all reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant."[4] Circumstantial evidence and direct evidence are equally reliable.[5] "[I]nferences

---

[2] Id.

[3] State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

[4] Id.

[5] State v. Thomas, 150 Wn.2d 821, 874, 83 P.3d 970 (2004).

based on circumstantial evidence must be reasonable and cannot be based on speculation."[6]

The three offenses with which the State charged Frieday all required proof that "on or about December 2, 2012, [Frieday] drove a motor vehicle."

In count I, the State charged Frieday with attempting to elude a pursuing police vehicle under RCW 46.61.024(1). That statute provides, "Any *driver of a motor vehicle* who willfully fails or refuses to immediately bring his or her vehicle to a stop and who drives his or her vehicle in a reckless manner while attempting to elude a pursuing police vehicle . . . shall be guilty of a class C felony."[7]

In count II, the State charged Frieday with driving while license suspended or revoked in the second degree under RCW 46.20.342(1), which provides, "It is unlawful for any *person to drive* a motor vehicle in this state while that person is in a suspended or revoked status or when his or her privilege to drive is suspended or revoked in this or any other state."[8]

In count III, the State charged Frieday with reckless driving under RCW 46.61.500(1), which states, "Any *person who drives* any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving."[9]

---

[6] State v. Vasquez, 178 Wn.2d 1, 16, 309 P.3d 318 (2013).

[7] RCW 46.61.024(1) (emphasis added).

[8] (Emphasis added.)

[9] (Emphasis added.)

We hold that the State's evidence of identity was insufficient to prove that Frieday drove a motor vehicle on or about December 2, 2012.

At trial, the State presented the testimony of an officer with the Vancouver Police Department. The officer testified that on December 2, 2012, shortly before 9:00 p.m., he pulled over a green Honda. The officer turned on his spotlight and pointed it at the driver. He saw that the driver was the sole occupant. He could not see the driver's face. He could see the back of the driver's head and testified that the driver had "dark—darkish brown hair." He could also see the driver's left hand up on the steering wheel, and he testified that the driver was a white male.

As the officer approached on foot, the car drove off. The officer pursued it. The officer testified that the car was speeding, ran a red light, and failed to stop at a stop sign. The officer saw the car turn south on 59th Street. When the officer turned onto 59th Street, he lost sight of the car. Another officer informed him that he had located the car in a driveway at a residence at 4607 59th Street. About thirty or forty seconds passed between the time the first officer lost sight of the car and the time the other officer saw the car in the driveway.

The two officers pulled up to the house where the Honda was parked in the driveway. Three or four other cars were also at the house. The Honda was unoccupied. The officer testified that they were not able to locate the person who had been in the car. They knocked on the door of the residence and tried to call the driver out of the house but got no response.

The officers seized the Honda and searched it. They obtained a bill of sale from the Oregon DMV that said that the new buyer was Jeremy Frieday and

the seller was Jacob Wojdik. The vehicle description and the license plate on the bill of sale matched the car they had been pursuing. Additionally, they found a copy of an insurance card with the car listed as a 1995 Honda and the insured driver listed as Jeremy Frieday. They also found a title to the vehicle registered to Jacob Wojdik.

The State also presented the testimony of another officer with the Vancouver Police Department. This officer testified that he had pulled over the same green Honda four months earlier, and on that date, Frieday was the driver. He testified that Frieday told him that he had purchased the car from a friend a week earlier. He also testified that Frieday's home address was 4607 NE 59th Avenue.

Finally, the State presented testimony from a customer service specialist with the Department of Licensing, who testified that on December 2, 2012, Frieday's license was revoked.

Taken in the light most favorable to the State, the evidence shows that Frieday owned the green Honda. It also shows that Frieday lived at the residence on 59th Street where the officers found the Honda parked in the driveway just after the pursuit. And it shows that Frieday's license was revoked.

But the officer who initially stopped the Honda was only able to identify its driver as a white male, whose face he did not see, who had "dark—darkish brown hair." And when asked on cross-examination if the driver was "definitively" white, the officer stated, "I didn't—never saw him." This vague, general description is insufficient to establish beyond a reasonable doubt identity.

Further, there was no testimony that anyone saw Frieday driving the Honda on December 2 either before or after the stop. Specifically, there was no testimony that anyone saw Frieday getting into the Honda before the pursuit, and there was no testimony that anyone saw Frieday at his residence following this incident. There was simply no evidence connecting Frieday to the Honda at the time of the charged crimes.

Moreover, the fact that there were several other cars at Frieday's residence is circumstantial evidence that there were others in his house at the time the officers arrived. One of them may have been the driver of the Honda. In short, any inference that Frieday was the driver is purely speculative.

We conclude that the State failed in its burden to prove beyond a reasonable doubt the identity of the person charged with the three crimes in this case.

The State argues that the evidence, when taken in the light most favorable to the State, was sufficient to prove that Frieday was the driver. It points to the following: Frieday "matched the general description of what the officer was able to ascertain of the driver: white male, dark hair," the car was found in Frieday's driveway within less than one minute of being followed by police, documents showed Frieday owned the car and had insurance in his name on the car, Frieday had been contacted by police previously in the same car, and Frieday's license was suspended which gave him motive to flee. We disagree that this is sufficient for the reasons already discussed.

6

The State also argues that the amount of evidence in this case is similar to the amount of evidence presented in State v. Engstrom.[10] We disagree.

In that case, Gerald Richard Engstrom was convicted of negligent homicide, driving while under the influence of intoxicating liquor, and failure to stop at the scene of an accident.[11] Engstrom argued that there was not sufficient proof that he was the driver of the car.[12]

The supreme court rejected his argument and concluded that the facts, taken together, were sufficient to justify the jury's finding that Engstrom was the driver.[13] The court identified the following facts: there was testimony from an eyewitness who described Engstrom's vehicle, obtained the license number, and observed only one person in the car at the time of the fatal accident; there was testimony that Engstrom was getting into his car alone just minutes before the fatal accident, and only nine blocks from the scene of the accident; paint sample comparison tests showed that Engstrom's car and debris from the clothing of the deceased were similar; photographs showed a dented surface on Engstrom's vehicle; and a missing hood ornament was found at the scene of the accident.[14]

---

[10] 79 Wn.2d 469, 487 P.2d 205 (1971).

[11] Id. at 470.

[12] Id. at 471.

[13] Id. at 472.

[14] Id. at 471-72.

7

We first note that Engstrom was decided in 1971, before our supreme court adopted the "more rigorous Jackson test."[15] Further, Engstrom is distinguishable. Importantly, in that case, there was testimony *"that the defendant was getting into his car alone just minutes before the fatal accident, and only nine blocks from the scene of the accident."*[16] The supreme court expressly relied on this evidence when it concluded that the evidence, taken together, was sufficient.

This type of testimony is critically absent from this case. Unlike Engstrom, in this case, there was no testimony that anyone saw Frieday get into his car, in the area of the incident, just minutes before the incident. Rather, in stark contrast to Engstrom, there was no testimony in this case that even connected Frieday to his car *at all* on the date in question, either before or after the incident. This distinguishing fact is particularly significant, especially in a case that rests entirely on circumstantial evidence.

The State fails to address this distinguishing factor. Rather, the State ignores this evidence when it summarizes the supreme court's holding in Engstrom. The State asserts, "In Engstrom, the Supreme Court found sufficient evidence to prove the defendant was the driver of the vehicle based on the fact that the vehicle belonged to him, at the time of the accident only one person was seen in the vehicle, and within an hour of the accident the vehicle was found at

---

[15] State v. Green, 94 Wn.2d 216, 222, 616 P.2d 628 (1980) (citing Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)).

[16] Engstrom, 79 Wn.2d at 471-72 (emphasis added).

the defendant's residence with damage matching debris at the scene."[17] But as just discussed, this is not an accurate representation of the facts relied on by the supreme court in its holding. For these reasons, the State's reliance on Engstrom is not persuasive.

The remedy for the failure of the State to present sufficient evidence of the crime charged is reversal and dismissal with prejudice.[18] That is the remedy that we apply here.

Given our analysis, we need not address Frieday's argument that there was insufficient proof of recklessness. Likewise, we need not address Frieday's argument that the trial court abused its discretion when it continued the trial beyond the speedy trial period. And it is also unnecessary to address his Statement of Additional Grounds.

We reverse the convictions and remand for dismissal with prejudice of the convictions.

_____Cox, J._____

WE CONCUR:

_____Spearman, C.J._____          _____Dwyer, J._____

---

[17] Brief of Respondent at 10 (citing Engstrom, 79 Wn.2d at 472).

[18] State v. Hickman, 135 Wn.2d 97, 103, 954 P.2d 900 (1998).